STATE EX REL. SUSEDIK, Respondent, v. KNUTSON, Appellant.

*No. 142. Argued October 6, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 23.)

594

For the appellant there was a brief by *Samuel L. Brugger*, and oral argument by *Robert A. Kay*, both of Madison.

For the respondent there was a brief by *Fugina, Kostner, Ward, Kostner & Galstad* and *LaVern G. Kostner*, all of Arcadia, and oral argument by *LaVern G. Kostner*.

WILKIE, J. There is no dispute about the facts nor is there any question but that the five-year statute of limitations as set by sec. 893.195 had run prior to the commencement of this action. Hence the only issue on this appeal is whether the trial court was correct in finding that appellant is estopped from asserting the statute of limitations as a defense to this paternity suit. We agree with the trial court.

True, in the 1905 case of *Pietsch v. Milbrath* [1] this court decided that estoppel could never be asserted to preclude a defense based on the statute of limitations. But, in 1960 in *Peters v. Kell* [2] this court specifically

[1] (1905), 123 Wis. 647, 101 N. W. 388, 102 N. W. 342.
[2] (1960), 12 Wis. 2d 32, 46, 106 N. W. 2d 407.

overruled *Pietsch* on this precise issue, finding, however, that under the facts of that case the aggrieved party had not relied to his injury upon the fraudulent conduct and thus could not assert estoppel. Since *Peters* this court has never found an estoppel in pais to preclude the assertion of the statute of limitations. In fact, the only case in which this court has found such estoppel is *Estate of Mohr* [3] in 1933, in which *Pietsch* was not cited.

In *Peters* this court held that in the proper case a defendant would be estopped from asserting the statute of limitations because of his fraudulent conduct. The court relied upon annotations in 130 A. L. R. 8 and 24 A. L. R. 2d 1413. It is difficult to imagine a more compelling and appropriate case than the present appeal to apply the doctrine of estoppel in pais to preclude the defense of the statute of limitations.

The cited annotations enumerate the rules to be applied when determining whether the defendant should be estopped from asserting the statute of limitations. A review of these rules demonstrates the propriety of the doctrine in this case:

1. The doctrine of estoppel in pais may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations. [4]

Here the appellant lived with James Jeffrey and his mother for almost six years after the child's birth. He then left and stopped supporting the child. Such conduct is plainly inequitable both to James Jeffrey and his mother as well as to the people of the state who may be forced to support the boy should his father refuse.

2. The aggrieved party must have relied on the representation or acts of the defendant, and as a result of such

---

[3] (1933), 212 Wis. 198, 213, 248 N. W. 143, 249 N. W. 517.

[4] Annot. 130 A. L. R. 8, 9; Annot. 24 A. L. R. 2d 1413, 1417.

reliance failed to commence action within the statutory period.[5]

A paternity action was not brought prior to the running of the statute because respondent believed that appellant would marry her and because he was supporting James Jeffrey all along. It was because of the representations of appellant and his supporting the child that no action was brought until he abandoned them.

3. The acts, promises or representations must have occurred before the expiration of the limitation period.[6]

The child was born in August, 1963, and the statute thus ran in August, 1968. Throughout this period appellant continually conducted himself in such a manner so as to make respondent believe he would marry her and continue to support the child.

4. After the inducement for delay has ceased to operate the aggrieved party may not unreasonably delay.[7]

Appellant left the family in June, 1969, and this action was commenced in September, 1969. There was no unreasonable delay.

5. Affirmative conduct of defendant may be equivalent to a representation upon which the plaintiff may to her disadvantage rely.[8]

As noted above, appellant conducted himself in two ways so as to induce respondent not to file this suit. He reassured her of marriage, and he supported the child until May, 1969.

6. Actual fraud, in a technical sense, is not required to find estoppel in pais.[9]

The record in the present appeal reveals an outrageous situation. Here a man lived with a woman for almost

---

[5] Annot. 130 A. L. R. at 17; Annot. 24 A. L. R. 2d at 1420.

[6] Annot. 130 A. L. R. at 18; Annot. 24 A. L. R. 2d at 1423.

[7] Annot. 130 A. L. R. at 19; Annot. 24 A. L. R. 2d at 1423.

[8] *Peters v. Kell, supra,* footnote 2, at page 46, citing Annot. 130 A. L. R. 8, 17, and Annot. 24 A. L. R. 2d 1413, 1420.

[9] Annot. 130 A. L. R. at 49; Annot. 24 A. L. R. 2d at 1435.

seven years. He fathered her child and made an extraordinary attempt to appear to be married. He made numerous representations to respondent of the possibility of marriage. On the basis of this record we have no hesitation in finding appellant's conduct bars him from asserting the statute of limitation. The appellant has an obligation to the child he fathered. It is precisely for situations such as the present case that the exception to the doctrine of limitations of actions was carved out. Public policy requires it. Whether appellant's conduct constitutes fraud in a technical sense is not the issue. The issue is whether the conduct and representations of appellant were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions. The circuit court found that appellant was estopped, and this conclusion is manifestly correct under the circumstances.

In oral argument counsel for appellant raised a new argument that a party could never be estopped from asserting the statute of limitations in a paternity action because the cause of action was created by statute and did not exist at common law. Reliance is placed on *Gauthier v. Atchison, T. & S. F. Ry.*[10] as well as sec. 4 of the A. L. R. 2d annotation. The *Gauthier Case* is not authority for the proposition that an action must have existed at common law in order for estoppel in pais to bar an assertion of the statute of limitations. That case was merely interpreting the federal Employers' Liability Act consistently with the decisions of the Supreme Court of the United States. Moreover, in *Gauthier* and the cases cited in A. L. R., the rule applied is that when the statute creates both the right and the limitation, estoppel cannot be asserted. In the present case the limitation applied is not part of the statute creating the right, rather it is part

[10] (1922), 176 Wis. 245, 186 N. W. 619.

of the general section of the statutes stating limitations upon actions.

*By the Court.*—Judgment affirmed.