Mary J. HILMES, Petitioner-Respondent,

v.

# DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Respondent-Appellant.

Court of Appeals

*No. 88–0575. Submitted on briefs September 9, 1988.—Decided October 5, 1988.*

(Also reported in 433 N.W.2d 251.)

48

On behalf of the respondent-appellant, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *David C. Rice,* assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Mary J. Hilmes,* pro se.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This case involves application of the 300–day statute of limitations contained in sec. 111.39, Stats., of the Wisconsin Fair Employment Act (WFEA). The statute requires that sexual discrimination complaints be "filed" within 300 days of the allegedly unlawful "occurrence." Sec. 111.39(1). The department on appeal argues that the circuit court

erroneously defined "filing" as "mailing" rather than as "delivery to the intended recipient." We agree.

The department also argues that the date on which an act of sexual discrimination "occurs" is the date on which an employee is notified of an allegedly discriminatory act. Hilmes argues that a discriminatory act "occurred" on the date her termination of employment took effect. We agree with the department that sexual discrimination occurs when the employer acts and the employee knows about it, not when the effects of the action are most painfully felt.

Finally, Hilmes argues that if "filing" means "receipt," then good cause is shown regarding her failure to meet the deadline. We disagree and find that Hilmes failed to show that her untimely filing was beyond her control. Nor do we find that the department's actions caused the untimely filing: this was caused by Hilmes' ignorance of the law applicable to occurrences of discriminatory acts. Therefore, we determine that the statute of limitations bars Hilmes from litigating her sexual discrimination claim.

The pertinent facts are few. Hilmes underwent major surgery in March of 1986 and was released to return to work in June. Her employer did not allow her to return however. On June 13, 1986, Hilmes received notice that her employment would be terminated effective June 13, 1986, "with all benefits and privileges connected with employment to end at 12:01 a.m. on June 14, 1986."

On April 10, 1987, Hilmes signed a sex discrimination complaint before a Georgia notary and mailed the complaint to the department. April 10 was 301 days after notification of termination.

50

On April 14, 1987, the department received Hilmes' discrimination complaint. April 14 was 305 days after notification of termination.

Hilmes' former employer promptly raised a statute of limitations defense to Hilmes' complaint. It argues that Hilmes had not met the statutory requirement that the filing of a discrimination complaint must be completed within 300 days of the alleged discriminatory act. Sec. 111.39(1), Stats. The department concurred and dismissed the complaint.

Hilmes sought judicial review of the department's decision pursuant to ch. 227, Stats. The circuit court held that the date on which Hilmes lost all benefits and privileges of her job—June 14, 1986—was the date on which the alleged discrimination occurred. It also held that Hilmes' complaint was "filed" timely because it was mailed on the 300th day following June 14, 1986. The department appeals.

Section 111.39(1), Stats., states, in relevant part:

> The department may receive and investigate a complaint charging discrimination or discriminatory practices or unfair honesty testing in a particular case if the complaint is filed with the department no more than 300 days after the alleged discrimination or unfair honesty testing occurred.

The word "occurred" is not defined in sec. 111.39, nor is it defined elsewhere in the WFEA.

Application of a statutory term to undisputed facts is a question of law. *Abendroth v. DILHR,* 69 Wis. 2d 754, 765, 233 N.W.2d 343, 348 (1975). Reviewing courts are not bound by the department's decision on a question of law. *Id.*

Nonetheless, because an agency has expertise in interpreting the statutes that it administers, a reviewing court does give weight to the agency's interpretation and application of such statutes. *Hiegel v. LIRC,* 121 Wis. 2d 205, 216, 359 N.W.2d 405, 411 (Ct. App. 1984). Reviewing courts hesitate to upset departmental judgments concerning questions of law if there exists a rational basis for the department's conclusions. *Dairy Equipment Co. v. DILHR,* 95 Wis. 2d 319, 327, 290 N.W.2d 330, 334 (1980).

As applied to the facts of this case, the department defines the statutory term "occurred" as "informed of termination." This definition has a rational basis: it derives from the federal courts' interpretation of Title VII of the Civil Rights Act of 1964 (codified as amended at 42 U.S.C. sec. 2000e, *et seq.*). Section 706(e) of Title VII requires that discrimination complaints be "filed within 180 days after the alleged unlawful employment practice occurred." *Id.*

The United States Supreme Court has interpreted this direction as focusing "on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful [emphasis in original]. *The fact of termination is not itself an illegal act* [emphasis added]." *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981) (citation omitted). Rather, it is when the employer makes known its decision to discriminate—in this case, by terminating employment for an allegedly illegal reason—that an unlawful employment practice occurs.

There is no *ipso facto* incorporation of Title VII in the WFEA. *Hiegel,* 121 Wis. 2d at 216, 359 N.W.2d at 411. Nevertheless, interpretations of Title VII by federal courts have provided guidance in applying the

52

WFEA. *Id.* We note that the federal rules further one of the WFEA policies: "to encourage and foster to the fullest extent practicable the employment of all properly qualified individuals." Sec. 111.31(3), Stats. Keying an "occurrence" of discrimination to a time prior to termination can afford the employee an opportunity to prevent—rather than rectify—wage loss and other harmful effects of the discriminatory practice.

We hold that consistent with the analogous federal statute and with the policy underlying the WFEA, the word "occurred" in sec. 111.39(1), Stats., as applied to the facts of this case, means the date of notice of termination. That date is June 13, 1986. Accordingly, sec. 111.39 required that Hilmes file a complaint on or before April 9, 1987. Neither party disputes that she failed to do so. Therefore, the complaint was untimely.

Although our resolution of the first issue concludes the statute of limitations issue presented, we nevertheless alternatively address the question of whether "filing" a complaint pursuant to sec. 111.39, Stats., entails only mailing or necessitates receipt by the department. We hold that "filing" does not occur until the complaint is received.

The department's interpretation of the term "filing" is codified in Wis. Admin. Code sec. Ind 88.01(6). That rule defines "filing" as the physical receipt of a complaint by the department. Again, the construction and interpretation of a statute adopted by the administrative agency charged with the duty of applying the law is entitled to great weight. *Libby, McNeill & Libby v. WERC,* 48 Wis. 2d 272, 280, 179 N.W.2d 805, 809 (1970). In this case, sec. Ind 88.01(6) accords with well-settled Wisconsin case law holding that "filing" en-

tails delivery to the intended recipient. *E.M. Boerke, Inc. v. Williams,* 28 Wis. 2d 627, 635, 137 N.W.2d 489, 493 (1965).

Hilmes argues that the Internal Revenue Service uses the term "filing" as a synonym for "mailing" within the context of the April 15 deadline for "filing" tax returns. However, the general rule is that in the absence of an applicable statutory definition, the legislature is presumed to intend the common usage of a term. *Department of Revenue v. Trudell Trailer Sales,* 104 Wis. 2d 39, 42, 310 N.W.2d 612, 614 (1981). Common usage is most often derived from a recognized dictionary. *See Department of Revenue v. J.C. Penney Co.,* 108 Wis. 2d 662, 669, 323 N.W.2d 168, 171 (Ct. App. 1982); *E.M. Boerke,* 28 Wis. 2d at 635, 137 N.W.2d at 493. Both Hilmes and the department concede that the dictionary definition of "file" is accurately set forth in *E.M. Boerke:* "to deliver (as a legal paper or instrument) after complying with any condition precedent ... to the proper officer." *Id.* (quoting *Webster's Third New International Dictionary*). This is the ordinary meaning of the word; any specialized usage employed by the IRS is irrelevant to the instant inquiry.[1]

Hilmes argues that even if filing means delivery, the time for filing should be deemed extended. Two reasons are urged: (1) Hilmes claims she was unable to file timely because of certain unhappy and time-consuming happenings in her personal life; (2) the department waived the requirement of timely filing

---

[1]We note that the IRS usage urged by Hilmes derives from a federal statute creating an exception to the general rule that "filing" entails receipt and applies only in special circumstances. *Carnahan v. United States,* 532 F. Supp. 603, 605 (S.D. Ind. 1982).

when it failed to inform Hilmes of Wis. Admin. Code sec. Ind. 88.01(6). We reject both arguments.

First, Hilmes has not shown that her father's illness or her move to Georgia necessitated her mailing the complaint on April 10, and not before. These events simply are not directly connected by anything in the record.

As to the argument that the department waived the statute of limitations because it failed to define "filing," we determine that the department gave Hilmes sufficient notice of rules supplementing the statute. We note that the information sent by the department to Hilmes included a recitation of sec. 111.375, Stats. That statute states, in relevant part: "The department may make, amend and rescind such rules as are necessary to carry out this subchapter." Hence, Hilmes was informed that the department makes rules for the purpose of carrying out the statute. She was thereby put on notice that further rules might well exist that would affect her claim. We therefore reject the argument that the department waived the statute of limitations when it did not specifically set forth the definition of "filing" in the materials sent to Hilmes. Litigants must inform themselves of applicable legal requirements and procedures. They cannot rely solely on their perception of how to commence an action. *Hester v. Williams,* 117 Wis. 2d 634, 645, 345 N.W.2d 426, 431–32 (1984).

Even had "filing" meant "mailing," Hilmes still mailed her complaint after the statutory time limit for filing had expired. Had the department explicitly defined "filing," the complaint would still have been untimely because Hilmes used an incorrect definition of the term "occurrence" in calculating the applicable

time limits. Hilmes does not argue, and we would reject, the position that the department is obligated to define "occurrence" for employees inquiring about discrimination claims. The United States Supreme Court has noted that the occurrence of discrimination is dependent on the facts as alleged. *Delaware State College v. Ricks,* 449 U.S. 250, 258 n. 9 (1980).

In this case, as in *Ricks,* the discriminatory act preceded the termination of employment date. It need not always do so, and the department would mislead litigants if it so stated. Employees must determine, either through counsel or by their own efforts, when the discriminatory acts occurred. Ignorance of one's rights does not suspend the operation of a statute of limitations. *Larson v. Industrial Comm'n,* 224 Wis. 294, 298, 271 N.W. 835, 836 (1937).

*By the Court.*—Order reversed.