Donald L. JOHNSON, Plaintiff-Co-Appellant,†

v.

Delores B. JOHNSON and Allstate Insurance Company, Defendants-Respondents,

TIME INSURANCE COMPANY, Defendant,

ENGLER & TWOHIG, S.C. and Wisconsin Lawyers Mutual Insurance Company, Third Party Defendants-Appellants.†

Court of Appeals

*No. 93–0178. Submitted on briefs July 28, 1993.—Decided October 6, 1993.*

(Also reported in 508 N.W.2d 19.)

†Petitions to review denied.
†Petitions to review denied.

574

On behalf of the plaintiff-co-appellant, the cause was submitted on the briefs of *Keith G. Ondrasek* of *Law Offices of Keith G. Ondrasek, S.C.* of Chilton.

On behalf of the third party defendants-appellants, the cause was submitted on the briefs of *John F. Mayer* of *Nash, Spindler, Dean & Grimstad* of Manitowoc.

On behalf of the defendants-respondents, the cause was submitted on the brief of *David G. Dudas* of *Michael R. McCanna & Associates, S.C.* of Appleton.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. Donald L. Johnson appeals from the trial court's grant of summary judgment in favor of Delores B. Johnson and Allstate Insurance Company. The issue in this case is whether Allstate is estopped from asserting the statute of limitations as a defense to Donald's personal injury action based upon certain acts and representations made to him by Allstate repre-

sentatives during the course of settlement negotiations. Because we conclude that Allstate's conduct was not fraudulent or inequitable such that it induced Donald to forgo filing an action, Allstate is not precluded from asserting the statute of limitations as a defense to Donald's claim. Accordingly, we affirm.

For purposes of summary judgment and this appeal, Allstate concedes the facts alleged by Donald. On January 25, 1989, Delores lost control of her vehicle while traveling on Highway 40 near Newport, Tennessee. The vehicle collided with a highway abutment, causing serious injuries to her husband Donald who was a passenger in the vehicle. Delores was insured by Allstate at the time of the accident.

According to Tennessee law, the statute of limitations for a personal injury tort action is one year. TENN. CODE ANN. § 28-3-104(a)(1) (1992).[1] In Wisconsin, the statute of limitations for such an action is three years. *See* sec. 893.54, Stats. However, pursuant to Wisconsin's borrowing statute, "If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired," the action may not be maintained in Wisconsin. Section 893.07(1), Stats. Although all parties agree on appeal that the applicable statute of limitations is Tennessee's one-year statute, they were apparently unaware of this fact in the period following the accident.

---

[1] TENNESSEE CODE ANN. § 28-3-104(a)(1) (1992) states in part:

Personal tort actions.

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, *for injuries to the person.* . . . [Emphasis added.]

Within several weeks of the accident, Donald consulted the law firm of Engler & Twohig, S.C. regarding his potential claim arising out of the accident. Afterwards, Donald decided to pursue settlement by himself, and at various times within one year of the accident he had several discussions with Allstate claims representatives. In one particular discussion Donald recalled expressing concern about the time running out to make a claim. An agent for Allstate told him not to be concerned because he had "plenty of time to make a claim." However, Donald cannot identify the date of this conversation, other than it occurred within one year of the accident.

On January 22, 1990, just prior to the running of the one-year statute of limitations, Allstate sent Donald a medical authorization to sign so that it could obtain his medical records associated with the accident. At various times during the remainder of 1990, after the one-year statute of limitations had run, Allstate requested additional information from Donald and promised to contact him after completing its investigation.

On December 20, 1990, Allstate offered Donald $25,000 in full settlement of his claim, which Donald rejected. Engler & Twohig eventually filed suit on Donald's behalf against Delores and Allstate on January 24, 1992, one day before the running of Wisconsin's three-year statute of limitations. In its answer, Allstate raised the Tennessee one-year statute of limitations as an affirmative defense and moved for dismissal.[2]

---

[2] On May 20, 1992, Donald filed a third-party complaint against Engler & Twohig and its errors and omissions insurance carrier, Wisconsin Lawyers Mutual Insurance Company, alleging that Engler & Twohig failed to advise him of the one-

The trial court, after considering the parties' briefs and affidavits, dismissed the case against Allstate based upon the running of the one-year statute of limitations borrowed from Tennessee. Although the motion to dismiss was initially presented pursuant to sec. 802.06(2), Stats., the motion was necessarily converted to one for summary judgment upon the court receiving and considering the affidavits of the parties. *See Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 608-09, 345 N.W.2d 874, 876-77 (1984). Therefore, although the court stated it was granting a motion to dismiss, it actually granted a motion for summary judgment. *Id.* at 609, 345 N.W.2d at 877. Donald appeals from the summary judgment in favor of Allstate.

In reviewing a trial court's grant of summary judgment, we apply the methodology set forth in sec. 802.08(2), Stats., in the same manner as the trial court, and our review is *de novo. Roebke v. Newell Co.*, 177 Wis. 2d 624, 632, 503 N.W.2d 295, 297 (Ct. App. 1993). "The summary judgment methodology has been repeated often, and we need not recite it here. Summary judgment should be granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted).

All parties agree that Tennessee's one-year statute of limitations applies in this case by virtue of sec. 893.07, Stats. However, Donald argues that in addition to borrowing Tennessee's statute of limitations, sec.

---

year statute of limitations. Although Donald's third-party complaint is not at issue in this appeal, Engler & Twohig filed appellate briefs in support of Donald's position against Allstate.

893.07 also borrows Tennessee's tolling provisions. TENNESSEE CODE ANN. § 28-1-111 (1992) provides that if a person subject to a cause of action in Tennessee is absent from the state, the action against that person is tolled during his or her absence and the time of the absence is not taken as any part of the time limited for the commencement of the action.[3] Therefore, Donald argues that since the Johnsons did not reside in Tennessee or return there at any time after the date of the accident, the one-year limitation is tolled. We disagree.

Donald cites to no legal authority for the proposition that sec. 893.07, Stats., also borrows foreign tolling provisions. By contrast, this court has held that there is nothing in sec. 893.07 that indicates—either in language, intent or history—that it was designed to incorporate, or be subject to, foreign tolling provisions. *Scott v. First State Ins. Co.*, 151 Wis. 2d 286, 295, 444 N.W.2d 405, 408 (Ct. App. 1989), *aff'd*, 155 Wis. 2d 608, 456 N.W.2d 152 (1990). Accordingly, we conclude that sec. 893.07 does not borrow Tennessee's tolling provision, and that the one-year statute of limitations expired before Donald filed his action against Allstate.

Donald next argues that Allstate should be estopped from asserting the one-year statute of limita-

---

[3] TENNESSEE CODE ANN. § 28-1-111 (1992) states:

Suspension during absence from state.

If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

581

tions as a defense based upon its conduct and representations to him after the accident. The test of whether a party should be estopped from asserting the statute of limitations is "whether the conduct and representations of [Allstate] were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *Hester v. Williams*, 117 Wis. 2d 634, 645, 345 N.W.2d 426, 431 (1984) (quoting *State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 598, 191 N.W.2d 23, 26 (1971)). Additionally, our supreme court has stated that the elements necessary to apply equitable estoppel include fraud or inequitable conduct by the party asserting the statute of limitations and that the aggrieved party failed to commence an action within the statutory period because of reliance on the wrongful conduct.[4] *Knutson*, 52 Wis. 2d at 596-97, 191 N.W.2d at 25.

As evidence of inequitable conduct, Donald points to Allstate's representation that he had "plenty of time"

---

[4] *Hester v. Williams*, 117 Wis. 2d 634, 644-45, 345 N.W.2d 426, 431 (1984), paraphrased the following rules to be applied in resolving an equitable estoppel issue:

(1) The doctrine may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations;

(2) The aggrieved party must have failed to commence an action within the statutory period because of his or her reliance on the defendant's representations or acts;

(3) The acts, promises or representations must have occurred before the expiration of the limitation period;

(4) After the inducement for delay has ceased to operate the aggrieved party may not unreasonably delay;

(5) Affirmative conduct of the defendant may be equivalent to a representation upon which the plaintiff may rely to his or her disadvantage;

(6) Actual fraud, in a technical sense, is not required.

to file a lawsuit, the fact that it continued to deal with him up to and beyond the one-year limitation, and that it sent him a medical authorization form to sign just prior to the running of that statute of limitations. Donald also argues that the reasonable inferences from his affidavits are that he relied on this conduct and specifically decided to forgo filing the lawsuit as a result. We disagree.

First, in order for estoppel to apply, the fraudulent or inequitable acts relied on by Donald must have occurred before the expiration of the limitation. *See Id.* at 597, 191 N.W.2d at 25. Therefore, the only acts or representations we may consider in deciding whether to apply estoppel are those which occurred within one year of the accident. The only acts complained of that are within the one-year period were several settlement discussions with Allstate, one in which an Allstate representative told Donald he had plenty of time to file a lawsuit, and Allstate sending Donald a medical authorization form within a few days of the one-year limitation.

Proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference or conjecture. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 13, 465 N.W.2d 525, 530 (Ct. App. 1990). We conclude that the facts alleged by Donald within the one-year period are insufficient as a matter of law to raise an estoppel claim.

Regarding Allstate's representation to Donald that he had plenty of time to file an action, without more context we are unable to conclude that such evidence rises to the level of unconscionable or inequitable conduct. The words "plenty of time" are subjective and do

not in and of themselves indicate a specific period of time. If this statement were offered shortly after the accident, it would arguably be accurate, since Donald still would have had almost one year to file a claim. If the statement were offered a few days or weeks before the running of the statute of limitations, it would arguably be misleading. However, these facts are not before us. There is no evidence that would indicate that Allstate strung Donald along and then hastily terminated negotiations at the zero hour, leaving him insufficient time to commence an action.

Furthermore, we cannot conclude that Allstate's "plenty of time" statement induced Donald to forgo filing the lawsuit within the one-year limitation. The record clearly indicates that Donald was unaware of the one-year limitation to begin with. If Donald were relying on Allstate's conduct in not filing within one year, he would have filed suit as soon as the settlement negotiations proved fruitless. Instead, Donald waited until one day prior to the running of Wisconsin's three-year statute of limitations. The logical inference is that Donald was mistaken, not that he was induced to forgo filing within the one-year limitation.

██

Underlying Donald's argument is the notion that Allstate had a duty to advise him of the proper statute of limitations. However, litigants must inform themselves of applicable legal requirements and procedures, and they cannot rely solely on their perception of how to commence an action. *Hilmes v. DILHR*, 147 Wis. 2d 48, 55, 433 N.W.2d 251, 255 (Ct. App. 1988). "Ignorance of one's rights does not suspend the operation of a statute of limitations." *Id.* at 56, 433 N.W.2d at 255.

Regarding the various discussions between Donald and Allstate after the accident, there is nothing in the record that would indicate that such discussions were anything but good faith negotiations toward an amicable settlement. There is nothing fraudulent or inequitable about engaging in settlement discussions to avoid litigation. In fact, we should encourage, not discourage, parties to negotiate a settlement instead of litigating their disputes. *See generally* sec. 807.01, Stats.; *Sachsenmaier v. Mittlestadt*, 145 Wis. 2d 781, 791-92, 429 N.W.2d 532, 536 (Ct. App. 1988).

Further, the fact that Allstate continued to negotiate with Donald after the one-year statute of limitations had run does not indicate fraud or inequitable conduct. Rather, the reasonable inference from the record is that Allstate was also mistaken as to the proper statute of limitations. If its goal were to delay Donald for one year and then hide behind the statute of limitations, it would not have continued to negotiate with him and then offer to settle for $25,000 one year after the statute had run.

Finally, the fact that Allstate requested a medical authorization days before the statute ran does not indicate fraudulent or inequitable conduct. Such a request is routinely made in every case such as this both prior to and after a claimant files an action. In order to invoke estoppel, a party's reliance on another's conduct must be reasonable. *Chicago & North Western Transp. Co. v. Thoreson Food Prods.*, 71 Wis. 2d 143, 154, 238 N.W.2d 69, 75 (1976). To the extent that Donald relied on this action for anything other than a routine request for information is unreasonable.

In sum, we conclude that Allstate's actions were not so unfair or misleading as to estop it from asserting the statute of limitations under the facts of this case. Because there are no material issues of fact in dispute and Donald's suit is precluded as a matter of law by Tennessee's one-year statute of limitations, we affirm the trial court's grant of summary judgment in favor of Allstate.

*By the Court.*—Judgment affirmed.