Mary FRITSCH, Plaintiff-Appellant,

WEA INSURANCE CORPORATION, Subrogated Party-Plaintiff,

v.

ST. CROIX CENTRAL SCHOOL DISTRICT, and Wausau Insurance Companies, Defendants-Respondents.

Court of Appeals

*No. 93–2208. Submitted on briefs January 31, 1994.—Decided March 29, 1994.*

(Also reported in 515 N.W.2d 328.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James R. Bartholomew* of *Bartholomew Law Office* of Hudson.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Gardner* of *Law Offices of Schuch & Stilp* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Mary Fritsch appeals the summary judgment granted in favor of St. Croix Central School District and Wausau Insurance Companies.[1] Fritsch first argues that she complied with § 893.80(1)(b), STATS., and, alternatively, the school district and Wausau Insurance should have been estopped from asserting § 893.80(1)(b) as a defense to Fritsch's complaint. We conclude that although Fritsch did not submit a claim containing an itemized list of relief sought as required by § 893.80(1)(b), the school district, and thereby Wausau Insurance, are estopped from asserting a § 893.80(1)(b) defense. Accordingly, we reverse.

The underlying facts are undisputed. This action stems from a car accident involving two school district employees: Fritsch, who is a teacher, and a school bus driver. Wausau Insurance provides coverage to the school district and its employees, in this case the bus driver, for their negligent acts.

As a result of this accident, Fritsch was unable to teach for several days. Upon returning to work, Fritsch presented her immediate supervisor, Daniel Woll, with a list of her damages. These damages included wage loss, medical bills and property damage to her vehicle. Woll instructed Fritsch to submit her damage claim

---

[1] There is some confusion in the record over whether the respondent is correctly called Wausau Insurance Companies or Wausau Underwriters Insurance Company. Because the former is what is stated in the caption, and no one came forward to correct it when requested by the clerk of the court of appeals in her October 12, 1993, correspondence, we will refer to this respondent as Wausau Insurance Companies.

directly to Wausau Insurance because it handled these types of matters for the school.

A Wausau Insurance adjuster provided Fritsch with a more elaborate accident and damage claim form, which Fritsch filled out and returned to Wausau Insurance. Fritsch was also instructed to directly forward all future bills and itemized expenses related to the accident to Wausau Insurance. In June 1989, two months after the accident, Wausau Insurance paid a portion of the property damage claim and incidentals while disallowing other portions of the claim submitted. With regard to the wage loss claim, Fritsch was told that it would be recalculated and included in the final settlement amount after the completion of Fritsch's medical treatment.

Because Fritsch was not represented by counsel, Wausau Insurance contacted her directly during the next two and a half years. At one point during this period, Wausau Insurance paid Fritsch's property damages. Insurance agents continued to contact Fritsch "to discuss resolution of [her] claim with St. Croix School District." Contact discontinued approximately 120 days before the expiration of the three-year personal injury statute of limitations. *See* § 893.54(1), STATS.

Fritsch filed a complaint against the school district and Wausau Insurance on April 9, 1992, just a few days short of three years after the accident. In her complaint, Fritsch enumerates the following injuries caused by the bus driver's negligence: "pain, suffering and disability, past and future, property damage and pecuniary losses, past and future, as well as medical expenses, past and future." After viewing the parties' briefs and affidavits, the trial court found that Fritsch had not presented the school district with the required

341

itemized list of relief sought, and thereby concluded that she failed to comply with § 893.80(1)(b), STATS.[2] Accordingly, the trial court granted the school district's motion to dismiss.

Although presented as a motion to dismiss, the motion was necessarily converted to one for summary judgment when the court received and considered the parties' affidavits. *See Johnson v. Johnson*, 179 Wis. 2d 574, 580, 508 N.W.2d 19, 21 (Ct. App. 1993). Therefore, although the court stated it was granting a motion to dismiss, for our purpose we treat it as granting a motion for summary judgment. *Id.* Fritsch appeals the summary judgment in favor of the school district and Wausau Insurance.

■

In reviewing a summary judgment, we apply the same methodology as the trial court, and our review is de novo. *Roebke v. Newell Co.*, 177 Wis. 2d 624, 632, 503 N.W.2d 295, 297 (Ct. App. 1993). The summary judgment methodology has been repeated often, and we need not recite it here. "Summary judgment should be granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted).

---

[2] Section 893.80(1), STATS., provides in part:

Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any . . . governmental subdivision or agency thereof . . . unless:

. . . .

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance.

■ Section 893.80(1), STATS., provides a condition precedent to bringing an action against the school district. No action may be brought or maintained against the school district unless two requirements are met: service upon the school district of a notice of the circumstances of the claim, *see* § 893.80(1)(a), STATS., and a subsequent claim containing claimant's address and an itemized statement of relief sought. Upon receipt of such claim, the school district has 120 days to accept or disallow the claim. *See* § 893.80(1)(b), STATS. Failure to comply with the initial notice of claim requirement does not bar an action if the government had actual notice and the absence of formal notice is not prejudicial. Section 893.80(1)(a), STATS. The itemized statement of relief sought provision, § 893.80(1)(b), at issue here, does not contain a similar prejudice standard.

Wausau Insurance and the school district rely solely on Fritsch's failure to file an itemized claim for relief under § 893.80(1)(b), STATS. Fritsch admits that she submitted no formal claims, but she contends (1) that she did submit a "claim" containing an itemized statement of relief sought in the form of statements and bills, and (2) in any event the school district and Wausau Insurance are estopped from asserting this defense.

■ The purpose of § 893.80, STATS., is to afford the government an opportunity to compromise and settle the claim without litigation. *Figgs v. Milwaukee*, 121 Wis. 2d 44, 53, 357 N.W.2d 548, 553 (1984). There is nothing in 893.80 to suggest that the legislature intended any different or additional purpose for this statute. *Figgs*, 121 Wis. 2d at 53-54, 357 N.W.2d at 553.

Substantial, not strict, compliance with the notice statute is required. *Id.* at 55, 357 N.W.2d at 554. We conclude that a series of various bills and statements do not amount to a claim as required by § 893.80(1)(b).

However, we agree with Fritsch that the school district, and thereby Wausau Insurance, are estopped from using the itemized claim of relief sought requirement as a defense. Estoppel is action or nonaction that induces another's reliance thereon, either in the form of action or nonaction, to his or her detriment. *Heideman v. American Fam. Ins. Group*, 163 Wis. 2d 847, 860-61, 473 N.W.2d 14, 19 (Ct. App. 1991). The trial court concluded that the school district and Wausau Insurance were not estopped from asserting § 893.80(1)(b), STATS., because their conduct was not inequitable or fraudulent. However, while inequitable or fraudulent conduct has to be established to estop a party from asserting a statute of limitations defense, *see State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 596, 191 N.W.2d 23, 25 (1971), a notice of claim statute, like a notice of injury statute, "is not a statute of limitation but imposes a condition precedent to the right to maintain an action." *Mannino v. Davenport*, 99 Wis. 2d 602, 614, 299 N.W.2d 823, 828 (1981) (quoting *Nelson v. American Emp. Ins. Co.*, 262 Wis. 271, 276, 55 N.W.2d 13, 15 (1952)). Therefore, inequitable or fraudulent conduct does not have to be established.

Although the doctrine of estoppel is not applied as freely against governmental agencies as it is in the case of private persons, they are not immune. *DOR v. Moebius Print. Co.*, 89 Wis. 2d 610, 638, 279 N.W.2d 213, 225 (1979).

344

> [W]e have recognized that estoppel may be available as a defense against the government if the government's conduct would work a serious injustice and if the public's interest would not be unduly harmed by the imposition of estoppel. In each case the court must balance the injustice that might be caused if the estoppel doctrine is not applied against the public interests at stake if the doctrine is applied.

*Id.* at 638-39, 279 N.W.2d at 225-26 (citations omitted). Therefore, we must first determine whether the elements of estoppel are met and, if so, whether it can be applied to the school district.

Upon her return to work, Fritsch was instructed by her superintendent, Woll, to deal directly with Wausau Insurance. It is well settled that statements of an agent made in the course of the agency serve to bind the principal. *See United States v. Harris*, 914 F.2d 927, 931 (7th Cir. 1990); *Rivera v. Eisenberg*, 95 Wis. 2d 384, 393-94, 290 N.W.2d 539, 544 (Ct. App. 1980). Therefore, the school district is bound by Woll's actions.

Relying on Woll's instruction, Fritsch dealt directly with the insurance company, reasonably concluding that her dealings with the school were over and everything would be handled through the insurance company. The reasonableness of her reliance is supported by the defendants' subsequent conduct. Wausau Insurance proceeded to handle Fritsch's claim and paid certain parts of it. Wausau Insurance continued to communicate with Fritsch in order to settle the remainder of her claim. All offers made to Fritsch were made by the insurance company. There was no reason for Fritsch to believe she had to do anything further

with the school. Fritsch reasonably relied on Woll's instruction and subsequent events, and that reliance has been to her detriment because the time for filing a claim containing an itemized list of relief sought was allowed to expire.[3]

We also conclude that the injustice to Fritsch outweighs the public interest in § 898.80, STATS. In this case, although not presented with a formal itemized list of relief sought, the insurance company, and through it the school district, had sufficient information to determine whether to settle and avoid litigation as it made a number of settlement offers to Fritsch. The record also indicates that Fritsch herself made an offer, providing the insurance company with at least some idea of what amount would be sufficient to settle her claim. In light of these facts, we conclude that the injustice that might be caused if Fritsch is not allowed to pursue her action outweighs the public's interest in a formal claim containing an itemized list of relief sought.

*By the Court.*—Judgment reversed.

---

[3] Because the school district has 120 days to accept or disallow a claim, once within 120 days from the expiration of the statute of limitations, Fritsch could not both provide the school district with the itemized list of relief sought and give it the requisite time to respond, and sue within the statute of limitations if the claim was disallowed by the school district.