**2023 WI App 46**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2022AP198

Complete Title of Case:

**DR. DAVID KORNREICH,**

      **PLAINTIFF-APPELLANT,**

   **V.**

**TOWN OF CEDARBURG, DEPARTMENT OF PUBLIC WORKS AND COMMUNITY INSURANCE CORPORATION,**

      **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | August 16, 2023 |
| Submitted on Briefs: | November 17, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Phillip S. Georges* of *Phillip S. Georges PLCC*, Nashville, Tennessee. |
| Respondent ATTORNEYS: | On behalf of the defendants-respondents, the cause was submitted on the brief of *Thomas Donnelly* of *Grady, Hayes & Neary, LLC*, Waukesha. |

<table>
<tr><td>

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 16, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

</td><td>

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

</td></tr>
</table>

| | |
|---|---|
| **Appeal No.    2022AP198** | Cir. Ct. No.  2021CV258 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

---

DR. DAVID KORNREICH,

    PLAINTIFF-APPELLANT,

  V.

TOWN OF CEDARBURG, DEPARTMENT OF PUBLIC WORKS AND COMMUNITY INSURANCE CORPORATION,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

¶1   LAZAR, J.   Doctor David Kornreich appeals from the circuit court's order for summary judgment in favor of the Town of Cedarburg's Department of Public Works and Community Insurance Corporation.  He argues that the circuit

court erred in finding that his claim was barred by the statute of limitations. We disagree and affirm.

## BACKGROUND

¶2    On August 7, 2020, Kornreich broke his clavicle in a bicycling accident that he alleges was due to a road negligently maintained by the Town of Cedarburg's Department of Public Works ("the Town"). Kornreich served a Notice of Claim on the Town pursuant to WIS. STAT. § 893.80(1d)(b) (2021-22)[1] on August 19, 2020. On August 27, Kornreich's attorney, Phillip S. Georges, received a letter from Aegis Corporation Field Claims Representative Ryan Anderson stating that Community Insurance Corporation ("CIC") was the Town's insurer, Aegis was CIC's general administrator, and CIC had received the Notice of Claim. The letter also asked Georges to "copy [Anderson] on all further correspondence."[2]

¶3    The Town Board voted to deny Kornreich's claim at a public meeting on October 7, 2020. On October 13, 2020, the Town sent Georges a Notice of Disallowance pursuant to WIS. STAT. § 893.80(1g). The Notice advised that, pursuant to § 893.80, no action on Kornreich's claim could be brought against the Town after six months from the date of service of the Notice. Having received the Notice, Georges emailed Aegis Claims Manager Brian Knee on October 21, expressing that he was "quite surprised" by the Notice, believed "there is no way [the Town Board] even spoke with you yet about this," had "handled over 100 municipal cases at least," and could either "file suit right away, or … hold off if you

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Although Kornreich characterizes this letter as "directing further correspondence … to Mr. Ryan Anderson," there is no indication in the letter that the Town should be cut out of further correspondence, only that Anderson should be copied.

would like to speak with them first." According to Georges's affidavit, Georges "convers[ed]" with Knee that same day, and Knee told him that he (Knee) "did not have any idea why that [disallowance] was sent and to disregard it and to not file suit but to rather proceed with collecting and supplementing the requested medical damages in the matter so that they could be considered for settlement negotiations." On November 14, 2020, the Town served Kornreich himself (by certified mail) with the same Notice of Disallowance, informing him that he had six months to file suit.[3]

¶4      Kornreich apparently did not take any action in response to the Notice served on November 14, and neither he nor Georges appears to have discussed it with anyone at Aegis, CIC, or the Town. Over the next several months, Georges continued to communicate with and provide documentation to Anderson and/or Knee related to the claim. On May 11, 2021, Anderson sent an email to Georges stating CIC and the Town would "maintain the denial" on Kornreich's claim and CIC would "await the summons and complaint at this time."

¶5      Kornreich finally filed his suit on July 19, 2021, eleven months after notifying the Town of his claim and more than eight months after Kornreich was personally served with the Notice of Disallowance. The Town moved for summary judgment, asserting that the claim was untimely filed under WIS. STAT. § 893.80(1g). In opposing the Town's motion, Kornreich argued the Town should be equitably estopped from asserting a statute of limitations defense because the requirements for application of the estoppel doctrine set forth in *State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971), were met.

---

[3] The Town's original Notice to Kornreich, sent via certified mail on October 8, 2020, was returned to the Town as "unclaimed" on November 10, 2020. The Notice was re-sent to Kornreich and signed for on November 14, 2020.

¶6    The circuit court granted the Town's motion for summary judgment, concluding that the six-month statute of limitations provided in WIS. STAT. § 893.80(1g) barred Kornreich's claim. The court noted that Kornreich had "cite[d] no authority as to how the insurance company representatives can rescind the disallowance of a formal governmental body," determined Knee could not toll the statute of limitations on behalf of the Town, and rejected Kornreich's argument that his attorney's reliance on Knee's October 21, 2020 statement as a tolling of the statute was reasonable. Kornreich appeals.

## DISCUSSION

¶7    This court reviews a grant of summary judgment de novo. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). "[S]ummary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *M & I First Nat'l Bank v. Episcopal Homes Mgmt., Inc.*, 195 Wis. 2d 485, 496-97, 536 N.W.2d 175 (Ct. App. 1995). Summary judgment materials, including pleadings and discovery documents, are to be "viewed in the light most favorable to the nonmoving party"—in this case, Kornreich. *See AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶21, 308 Wis. 2d 258, 746 N.W.2d 447.

¶8    The parties agree there are no factual disputes surrounding the material dates or communications in this case. Kornreich filed his Notice of Claim on the Town pursuant to WIS. STAT. § 893.80(1d)(b) on August 19, 2020. Under this statute, "[n]o action … against any defendant … may be brought after 6 months from the date of service of the notice of disallowance." Sec. 893.80(1g). The Town sent Kornreich's counsel a Notice of Disallowance on October 13, 2020, and served the identical Notice on Kornreich himself on November 14, 2020. Thus, following

the time frames set forth in the statute, any lawsuit filed by him against the Town would have to have been filed by May 14, 2021. Kornreich makes several arguments why that deadline does not apply.

¶9 For one, he contends the Town is equitably estopped from asserting a statute of limitations defense. With the goal of barring a defendant from asserting the statute of limitations when its "conduct and representations … were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions," a plaintiff asserting equitable estoppel must show a defendant's action or nonaction that induced the plaintiff's reasonable reliance thereon to his or her detriment. *Wosinski v. Advance Cast Stone Co.*, 2017 WI App 51, ¶40, 377 Wis. 2d 596, 901 N.W.2d 797 (quoting *Hester v. Williams*, 117 Wis. 2d 634, 645, 345 N.W.2d 426 (1984)). "[E]stoppel is not applied as freely against governmental agencies as it is" against private persons; it is applied against the government "with utmost caution and restraint" and only "if the government's conduct would work a serious injustice" that outweighs the public interests at stake. *DOR v. Moebius Printing Co.*, 89 Wis. 2d 610, 638, 279 N.W.2d 213 (1979) (citations omitted). In addition, as Kornreich acknowledges, inequitable or fraudulent conduct must be established to estop a party from asserting a statute of limitations defense. *See Susedik*, 52 Wis. 2d at 596; *see also Wascher v. ABC Ins. Co.*, 2022 WI App 10, ¶43, 401 Wis. 2d 94, 972 N.W.2d 162, *review denied sub nom. Wascher v. Carved Stone Creations*, (WI Jan. 20, 2023) (No. 2020AP1961).

¶10 Kornreich argues, however, that the element of inequitable conduct is not required here because the six-month time limit in WIS. STAT. § 893.80(1g) is not actually a "statute of limitations" but rather a "condition precedent to be performed by [the Town] in order to begin the time frame for which a lawsuit is to

be filed."[4] Kornreich is mistaken, and the two cases he cites do not support his contention, as they address other portions of § 893.80 that set forth necessary conditions precedent to filing a lawsuit and have nothing to do with the time frame for filing suit against a municipality. In *Fritsch v. St. Croix Central School District*, 183 Wis. 2d 336, 344, 515 N.W.2d 328 (Ct. App. 1994), this court held that the defendant was estopped from asserting a defense based on the plaintiff's failure to file an itemized claim pursuant to the language now found in § 893.80(1d)—reiterating that "inequitable or fraudulent conduct has to be established to estop a party from asserting a statute of limitations defense." And, in *Mannino v. Davenport*, 99 Wis. 2d 602, 607, 299 N.W.2d 823 (1981), our supreme court affirmed summary judgment against a plaintiff who failed to give notice of injuries within the ninety days required by statute; no time frame for filing suit was at issue.

¶11 By contrast, when this court discussed the same six-month time period at issue here in *Linstrom v. Christianson*, 161 Wis. 2d 635, 639, 469 N.W.2d 189 (Ct. App. 1991)—a case cited by the Town and not addressed by Kornreich in his reply brief—we characterized it as a "statute of limitations." Kornreich himself admits that WIS. STAT. § 893.80(1g) sets forth a "time frame for which a lawsuit is to be filed," which is what a statute of limitations is by definition. *See, e.g.*, *Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund*, 2000 WI 98, ¶27, 237 Wis. 2d 99, 613 N.W.2d 849 ("Statutes of limitation … represent legislative policy decisions that dictate when the courthouse doors close for particular litigants."); *Statute of Limitations*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A law that bars claims after a specified period.").

---

[4] Kornreich contends that the only applicable statute of limitations is Wisconsin's general personal injury statute of limitations, which is three years. *See* WIS. STAT. § 893.54(1m)(a).

¶12 As such, for estoppel to apply, Kornreich must establish that the Town committed fraudulent or inequitable conduct. *See Susedik*, 52 Wis. 2d at 596. He has not pointed to any evidence of either type of conduct. The parties agreed to an extended summary judgment briefing schedule to allow for discovery. Yet, before the circuit court, Kornreich made only the conclusory (and somewhat unclear) statement that "[t]he defendant, through their inequitable conduct and explicitly [sic] representations to disregard the City's disallowance and to refrain from filing suit is such as to preclude the defendant from asserting the six-month filing deadline" in support of this element of estoppel, never developing any argument that the Town acted inequitably. On appeal, he states only that a showing of inequitable conduct is "[n]ot required" in his argument that the *Susedik* test for estoppel is met. This is not correct.

¶13 Moreover, as the circuit court noted, equitable estoppel requires reliance that is reasonable. *See Wosinski*, 377 Wis. 2d 596, ¶40. We are mindful that this is an appeal from an order granting summary judgment and that the question of whether reliance was reasonable is to be made, in many cases, by a factfinder. *See, e.g.*, *Hennig v. Ahearn*, 230 Wis. 2d 149, 172, 601 N.W.2d 14 (Ct. App. 1999). However, "there are cases in which a circuit court may determine as a matter of law that a plaintiff's belief of a defendant's representation is unreasonable, and as a result the plaintiff's reliance (which is based on the unreasonable belief) is also unreasonable." *Novell v. Migliaccio*, 2008 WI 44, ¶51, 309 Wis. 2d 132, 749 N.W.2d 544. Here, we conclude that it was not reasonable, as a matter of law, for Georges, who professed to have experience handling over one hundred similar

cases, to interpret the statements of Knee or Anderson as a withdrawal of the Town's Notice or a tolling of the statute of limitations.[5]

¶14    To begin, there is a problem with timing. The email communication and conversation to which Kornreich points as withdrawing the Notice of Disallowance took place weeks before the Town served Kornreich directly by certified mail. Following this service upon Kornreich, Kornreich/Georges took no actions to memorialize any agreement to toll the statute of limitations, nor did either of them contact anyone (from the Town, CIC, or Aegis) to confirm that Knee's purported "disregard" statement—made before the Notice was served on Kornreich—still applied.

¶15    No reasonable factfinder could conclude that it was reasonable for Kornreich to rely on the asserted statement from Knee to Georges to "disregard" the Notice that Georges received in October to act as a withdrawal of the Notice served upon Kornreich directly by the Town on November 14. Nor does the May 11 email from Anderson, which Kornreich says is "[o]f great significance" in that it shows the Town "intended to toll the period of time to file suit," help Kornreich's timing issue. That correspondence indicates that the Town would maintain its denial and await a summons and complaint "at this time." There were still three days left in the six-month period following service of the Town's Notice on Kornreich and Georges's October 21, 2020 email had indicated that he could "file suit right away";

---

[5] Kornreich asserts Knee and Anderson were agents of the Town who had the authority to withdraw the Town's formal Notice of Disallowance. Kornreich points to no evidence in the Record showing that the Town actually authorized CIC, Aegis, or their employees to act for it in withdrawing the Notice or tolling the statute of limitations; instead he argues the insurer was acting with apparent authority. *See, e.g.*, ***Mared Indus., Inc. v. Mansfield***, 2005 WI 5, ¶22, 277 Wis. 2d 350, 690 N.W.2d 835. However, because we conclude that none of the statements or communications of Knee and Anderson provided any indication that the Town had agreed to toll the statute of limitations, we need not and do not determine whether they were agents of the Town. Instead, we assume, solely for purposes of this appeal, that they had such authority.

it is unreasonable to view this May 11, 2021 email as suggesting there were any additional days to file beyond May 14, 2021.

¶16    Moreover, according to Georges, upon receiving the Notice in October, he emailed Knee on October 21, 2020, expressing his belief that "there is no way [the Town Board of Supervisors] even spoke with [Knee] yet about this" and he conversed on that same day with Knee, who told him that Knee "did not have any idea why" the Town served its Notice of Disallowance.  Georges should have had a particularly low level of confidence in Knee's statements to "disregard" the Notice and "not file suit" when they were connected with Knee's profession that he had no clue why the Town sent the Notice.  And Knee's statement to "not file suit" is not a statement that could reasonably be interpreted as authorizing the tolling of the statute of limitations until further notice, particularly when it was, as Georges avers, in response to Georges's email saying that he could "file suit right away" or "hold off."[6]  Knee's statement, which said nothing about the statute of limitations, would be reasonably interpreted as telling Georges not to file suit "right away" given the context in which it was uttered and the fact that, when the statement was made, there were still several months remaining before the filing deadline, and Knee was inviting Kornreich's damages documentation so it "could be considered for settlement negotiations."

---

[6]  This does not in any way suggest a tolling of the statute (which had months yet to run) but rather seems to be an expression of hope that settlement could be reached before a lawsuit was filed in the time remaining.  The Record shows indisputably that Kornreich/Georges would not have had a reasonable belief that the Town had withdrawn its formal disallowance of Kornreich's claim by virtue of Knee's purported communications to Georges on October 21, 2020.  The same holds for the email from Anderson on May 11, 2021.

¶17    For the foregoing reasons, we affirm the circuit court's grant of summary judgment to the Town based on Kornreich's failure to comply with the statute of limitations found in WIS. STAT. § 893.80(1g).

*By the Court.*—Order affirmed.