WIETING FUNERAL HOME OF CHILTON, INC., Plaintiff-Appellant,†

v.

MERIDIAN MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 04–0461. Submitted on briefs September 23, 2004.—Decided October 13, 2004.*

2004 WI App 218

(Also reported in 690 N.W.2d 442.)

† Petition to review denied 3-8-2005.

274

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Patrick J. Coffey*, of *Menn, Teetaert & Beisenstein, Ltd.* of Appleton.

On behalf of the defendant-respondent,the cause was submitted on the brief of *Rebecca Leair*, of *Baxter, O'Meara, Leair & Colon, S.C. of Milwaukee.*

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. NETTESHEIM, J. Meridian Mutual Insurance Company paid a portion of a property insurance

claim made by its insured, Wieting Funeral Home of Chilton, Inc. (Wieting), but refused to pay the balance of the claim. The lead issue on appeal is whether Meridian's payments served to toll the statute of limitations on Wieting's present action seeking to collect on the balance of the claim. At summary judgment, the trial court ruled that Wieting's action was barred by the statute of limitations set forth in Wis. Stat. § 631.83(1) (2001–02).[1] We uphold this ruling. We also reject Wieting's alternative arguments that Meridian is estopped from asserting a statute of limitations defense because of ongoing negotiations with Wieting and that the statute was further tolled because the parties agreed to the appraisal procedure under § 631.83(5). We affirm the judgment dismissing Wieting's complaint.

## BACKGROUND

¶ 2. The facts underlying the issues on appeal are undisputed. On May 12, 2000, Wieting's funeral home sustained extensive property damage as the result of a storm passing through the Chilton, Wisconsin area. At the time of the damage, the Wieting property was insured by Meridian under a business owners policy. Wieting filed a claim with Meridian for coverage of its damages. The Meridian policy gave Wieting two years "after the date on which the direct physical loss or damage occurred" to sue for coverage.

¶ 3. Over the course of the following year, from May 12, 2000, through May 14, 2001, Meridian made payments to Wieting for a portion of Wieting's claim. However, Meridian determined that the structural damage to the roof of the funeral home was not caused

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

by the storm, but rather by "wear and tear." Accordingly, Meridian denied this portion of the claim, notifying Wieting on May 14, 2001, that certain damage to "the EPDM roof portion" was not covered "due to the lack of any hail or wind damage." Meridian explained that its investigation of the EPDM-covered roof had shown the claimed damage to be caused by "wear and tear," which is excluded under the terms of the policy. Meridian did, however, send Wieting a settlement check in the amount of $11,817.07 for damages sustained to the shingled portion of the roof.

¶ 4. Thereafter, the parties continued to communicate about their dispute and possible ways to resolve it. However, in all of these discussions, Meridian continued to deny the claim and repeatedly reserved its rights and defenses under the policy. These discussions proved fruitless, and on January 23, 2003, Meridian offered Wieting $2500 as "nuisance value" in settlement of the roof claim. Wieting rejected the settlement offer.

¶ 5. On April 11, 2003, Wieting filed the instant action against Meridian alleging a breach of insurance contract due to Meridian's denial of the roof damage claim. Meridian answered, denying the allegations and asserting that Wieting's action was barred by the one-year statute of limitations set forth in WIS. STAT. § 631.83 and, to the extent the policy extended the statute of limitations to two years, by that additional period of limitation.

¶ 6. Meridian followed with a motion for summary judgment seeking dismissal based on its statute of limitations defense. Following a hearing on December 23, 2003, the trial court granted Meridian's motion and dismissed Wieting's complaint. Wieting appeals. We will recite additional facts as we discuss each issue.

## DISCUSSION

■

¶ 7. We review a grant of summary judgment de novo by applying the same methodology as the circuit court. *Fox v. Catholic Knights Ins. Soc'y*, 2003 WI 87, ¶ 17, 263 Wis. 2d 207, 665 N.W.2d 181. Under WIS. STAT. § 802.08(2), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

### *Application of WIS. STAT. § 631.83*

■

¶ 8. We turn first to the threshold issue of the statute of limitations governing Wieting's claim. WISCONSIN STAT. § 631.83 provides in relevant part:

> **Limitation of actions. (1)** STATUTORY PERIODS OF LIMITATION. (a) *Fire insurance.* An action on a fire insurance policy must be commenced within 12 months after the inception of the loss. This rule also applies to riders or endorsements attached to a fire insurance policy covering loss or damage to property or to the use of or income from property from any cause, and to separate windstorm or hail insurance policies.[2]
>
> . . . .
>
> **(2)** GENERAL LAW APPLICABLE TO LIMITATION OF ACTIONS. Except for the prescription of time periods under sub.

---

[2] The term "fire insurance" covers indemnity insurance for losses to property caused by many perils other than fire. *Villa Clement, Inc. v. National Union Fire Ins. Co.*, 120 Wis. 2d 140, 145, 353 N.W.2d 369 (Ct. App. 1984).

(1) or elsewhere in chs. 600 to 646 and 655, the general law applicable to limitation of actions as modified by ch. 893 applies to actions on insurance policies.

¶ 9. Neither party disputes that Wieting's claim is governed by the twelve-month statute of limitations set out in Wis. Stat. § 631.83(1), which is extended to two years under the terms of the Meridian policy. However, Wieting argues that subsec. (2) of the statute serves to invoke the provisions of Wis. Stat. ch. 893, which permits tolling of a statute of limitations under certain circumstances. In particular, Wieting relies on Wis. Stat. § 893.12, which provides:

> **Advance payment of damages; limitation extended.** The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.[3]

¶ 10. Because Meridian made partial payments on its claim, Wieting argues that the limitations period for the instant action should be measured from the date of Meridian's last payment, making Wieting's action timely pursuant to Wis. Stat. § 893.12. Meridian disagrees, contending that Wis. Stat. § 631.83(2) clearly and unambiguously bars the application of Wis. Stat. ch. 893 to a fire insurance policy.

---

[3] Wisconsin Stat. § 885.285 states, in relevant part:

> **(3)** Any settlement or advance payment under sub. (1) shall be credited against any final settlement or judgment between the parties . . . .

> **(4)** The period fixed for the limitation for the commencement of actions shall be as provided by s. 893.12.

281

■

¶ 11. The determination of whether WIS. STAT. § 631.83(2) precludes the application of WIS. STAT. ch. 893 to extend the time limitation for the filing of Wieting's claim raises a question of statutory interpretation that we review de novo. *See State v. Sveum*, 2002 WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496 (statutory interpretation reviewed de novo). Statutory construction has the purpose of assisting the court to discern and apply legislative intent. *Fox*, 263 Wis. 2d 207, ¶ 19. If statutory language is unambiguous, we apply the statute using the common and generally accepted meanings of the terms. *Id.*

■

¶ 12. We agree with Meridian that WIS. STAT. § 631.83(2) clearly and unambiguously excepts the time limitations for fire insurance claims from the application of WIS. STAT. § 893.12. This subsection reads, "*Except for the prescription of time periods under sub. (1) or elsewhere in* [WIS. STAT.] chs. 600 to 646 and 655, the general law applicable to limitation of actions as modified by ch. 893 applies to actions on insurance policies." Sec. 631.83(2) (emphasis added). Thus, the legislature has decreed WIS. STAT. ch. 893 is applicable to actions on insurance policies, but not to actions on fire insurance policies, actions under chs. 600 to 646, and actions under ch. 655.[4]

---

[4] In an attempt to get around the clear meaning of WIS. STAT. § 631.83(2), Wieting relies on the legislature's use of the phrases "law applicable to limitation of actions" and "time periods." Wieting argues:

> That portion of the statute makes a distinction between the "law applicable to limitations of actions" and the "time periods." Clearly, the legislature allowed insurance companies, issuing fire insur-

¶ 13. Wieting, however, cites to *Landis v. Physicians Insurance Co.*, 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 893, in support of its interpretation of the statute. There, the supreme court looked to WIS. STAT. ch. 893 in ruling that the statute of limitations was tolled in a medical malpractice action under WIS. STAT. ch. 655. *Landis*, 245 Wis. 2d 1, ¶¶ 12–62. Since WIS. STAT. § 631.83(2) excepts actions under ch. 655, as well as actions under fire insurance policies, and since this did not deter the *Landis* court from looking to ch. 893, Wieting reasons that we are obliged to do the same in this case. We reject this argument for two reasons.

¶ 14. First, we observe that the supreme court's opinion in *Landis* does not address WIS. STAT. § 631.83 nor the potential consequences of that statute on the outcome of the case. Presumably, that is because the parties' briefs in *Landis* did not address the statute.[5] We, of course, recognize our duty to abide by decisions of our supreme court. *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the power to overrule, modify or

---

ance policies, to limit the time periods from the six year, contract statute of limitations, outlined in Wisconsin Statute § 893.43, to 12 months. Any other issues relating to "the law applicable to the limitations of actions" should be analyzed in light of Chapter 893.

Apart from not understanding this argument, we also reject Wieting's premise that the two phrases allow for the introduction of the tolling provisions of WIS. STAT. ch. 893. As we have indicated, the statutory language and scheme of WIS. STAT. § 631.83(1) and (2) are clear and unambiguous: pursuant to subsec. (2), the provisions of ch. 893 apply to actions on insurance policies *except* fire insurance policies and actions under WIS. STAT. chs. 600 to 646 and 655.

[5] We have examined the briefs in *Landis v. Physicians Insurance Co.*, 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 893.

withdraw language from a previous supreme court case."). But that obligation does not hold where an entirely new and potentially dispositive issue is raised in a subsequent case. In *Fulton Foundation v. Department of Taxation*, 13 Wis. 2d 1, 108 N.W.2d 312 (1961), the supreme court addressed whether the department of taxation had standing to challenge the constitutionality of a tax law. *Id.* at 9–10. The court acknowledged that it had addressed the department's constitutional challenge to a tax law in a prior case. However, the court held that the prior case was not binding precedent. *Id.* at 10 ("Because the right of the department to raise the issue of constitutionality was not therein challenged, such case has no efficacy as a precedent with respect to such question."). Similarly, in *State ex rel. City of Sheboygan v. County Board of Supervisors*, 194 Wis. 456, 216 N.W. 144 (1927), the supreme court said that it was not bound by a prior decision tacitly recognizing a municipality's standing to challenge a tax. *Id.* at 459 ("The relators cannot rely upon the fact that similar actions have been maintained in which the right of the municipality to prosecute such actions was not questioned, because the question now under consideration was neither raised nor considered in those cases. Such decisions are not authority either way upon this question."). The court of appeals has held likewise. In *Silver Lake Sanitary District v. Wisconsin Department of Natural Resources*, 2000 WI App 19, ¶ 13, 232 Wis. 2d 217, 607 N.W.2d 50, the court said, "It is blackletter law that an opinion does not establish binding precedent for an issue if that issue was neither contested nor decided." Therefore *Landis* does not directly govern this case.

¶ 15. Second, although WIS. STAT. § 631.83(2) excepts medical malpractice actions under WIS. STAT. ch. 655 from the provisions of WIS. STAT. ch. 893, ch. 893 nonetheless expressly sets out the statute of limitations applicable to medical malpractice actions. *See* WIS. STAT. § 893.55(1), (2) and (3). That incongruity presumably explains why the *Landis* court addressed the interplay between chs. 655 and 893. In the instant case, however, ch. 893 does not expressly speak to any statute of limitations or tolling provisions regarding fire insurance policies. Instead, WIS. STAT. § 893.12, the "[a]dvance payment[s]" tolling statute relied upon by Wieting, is a general statute that applies to all personal injury and property damage actions. On the other hand, § 631.83(2) speaks specifically to fire insurance policies and clearly excepts such policies from the provisions of ch. 893. When two statutes relate to the same subject matter, the specific statute controls over the general statute. *Estate of Gonwa v. DHFS*, 2003 WI App 152, ¶ 32, 265 Wis. 2d 913, 668 N.W.2d 122.

¶ 16. We uphold the trial court's ruling that the one-year limitation period set out in WIS. STAT. § 631.83(1), as extended to two years under the parties' insurance contract, bars Wieting's action.[6]

---

[6] In further support of its ruling, the trial court relied on *Gurney v. Heritage Mutual Insurance Co.*, 188 Wis. 2d 68, 523 N.W.2d 193 (Ct. App. 1994). There, the court of appeals held that the "[a]dvance payment" tolling provisions of WIS. STAT. § 893.12 did not toll the statute of limitations where the tortfeasor's insurer had made partial payments to the plaintiff under the medical pay provisions of a liability policy. *Gurney*, 188 Wis. 2d at 74. The court reasoned that because the medical payment provisions of the policy were unrelated to the

285

### Estoppel and WIS. STAT. § 631.83(5)

¶ 17. Wieting raises two alternative arguments: (1) Meridian is estopped from asserting its statute of limitations defense, and (2) the statute of limitations was tolled because the parties agreed to the appraisal procedure contemplated by WIS. STAT. § 631.83(5).

¶ 18. Both of these arguments rest on the following undisputed history. On May 14, 2001, a year before the limitation period expired, Meridian's adjuster, Ron Pritchett, denied Wieting's claim for the roof damage. In response, Wieting called Pritchett registering its disagreement with Meridian's denial and advising that Wieting had hired its own expert to inspect the roof. Pritchett responded with a letter of May 16, 2001, confirming Wieting's call and stating that if Wieting's expert reached a different conclusion, Wieting should arrange a meeting of the parties' experts at the site for further inspection and to "discuss what issues concerning this claim they agree or disagree on and why." Importantly, Pritchett's letter included the following:

tortfeasor's alleged fault or liability, the payments did not operate to extend or toll the statute of limitations. *Id.*

Meridian likens this case to *Gurney*, noting that its obligation to pay Wieting is also not based on fault. Wieting argues that *Gurney* does not govern since this is a "first party" case involving the two parties in privity to the insurance contract whereas *Gurney* was a "third party" case where the injured plaintiff, not a party to the insurance contract, was the recipient of the advanced payments.

While the parties' debate about *Gurney* presents an interesting question, it also becomes an academic one in light of our threshold ruling that Wieting's claim is barred by the clear and unambiguous language of WIS. STAT. § 631.83(1) and (2).

As stated, with respect to the above claim, we have paid what is known is owed as per the policy's conditions; and remain committed to determining a fair conclusion to the above claim as per the policy's provisions and conditions.

. . . .

Nothing stated in or implied by this letter, nor any action heretofore taken, declined or deferred in this matter by Meridian Insurance has been intended nor should be taken as a waiver of any potential right, claim or defense under this policy. Meridian Insurance continues to reserve without qualification or limitation all rights, claims or defenses available to it under this policy.

¶ 19. The record is not clear whether the experts actually met at the site for the mutual inspection and discussion anticipated by Pritchett's letter. However, some seven months later, on December 19, 2001, Pritchett wrote to Attorney Michelle Birschbach, who now represented Wieting. In this letter, Pritchett referred Birschbach to his previous letters denying Wieting's claim. In addition, Pritchett stated that he had provided Wieting the telephone number of Meridian's expert, Jim Clark, but Meridian had not heard back from Wieting. Pritchett's letter further stated, "We stand by our denial letter of May 14, 2001." The letter concluded with the same reservation of rights and defenses under the policy as stated in Pritchett's letter of May 16, which we have quoted above.

¶ 20. On April 2, 2002, still within the two-year statute of limitations, Pritchett wrote to Attorney Patrick Coffey who had since taken over as Wieting's attorney. This letter documented a conversation between the two earlier the same day in which the parties agreed to have their "experts meet to discuss the

differences in their findings." Pritchett instructed Coffey to contact Meridian's expert, Jim Clark, and to arrange a meeting of the experts. Once again, this letter stated that Meridian was standing by its previous denial of Wieting's claim and concluded with the same reservation of rights and defenses under the policy.

¶ 21. The limitations period expired on May 12, 2002. Thereafter the parties continued to communicate; however, Pritchett's participation was limited to responding to Wieting's inquiries. Ultimately, Meridian offered to settle Wieting's claim for a "nuisance value" of $2500. Wieting rejected the offer.

*Estoppel*

¶ 22. Based on the above history, Wieting argues that Meridian is estopped from asserting its statute of limitations defense. Wieting contends that Meridian's conduct induced it to engage in further negotiations and to defer commencing the instant action until after the limitations period had expired.

¶ 23. The test of whether a party should be estopped from asserting the statute of limitations is whether the conduct and representations of the party against whom estoppel is sought were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions. *Johnson v. Johnson*, 179 Wis. 2d 574, 582, 508 N.W.2d 19 (Ct. App. 1993). In addition, equitable estoppel requires that the party asserting the statute of limitations engage in fraud or inequitable conduct and that the aggrieved party failed to commence an action within the statutory period because of reliance on the wrongful conduct. *Id. See also State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593,

596–97, 191 N.W.2d 23 (1971). Finally, proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference or conjecture. *Johnson*, 179 Wis. 2d at 583.

¶ 24. As noted by the trial court, *Johnson* bears strong similarities to this case. There, the injured plaintiff claimed that the statute of limitations should be tolled because: (1) the insurer had represented that the plaintiff had "plenty of time" to file a lawsuit, (2) the insurer continued to deal with the plaintiff up to and beyond the limitations period; and (3) the insurer had sent the plaintiff a medical authorization form to sign just prior to the running of the limitations period. *Id.* at 582–83.

¶ 25. In rejecting the argument, the court of appeals first clarified that the only conduct relevant to the inquiry was that which occurred during the limitations period, not after. *Id.* at 583. As to the merits, the court observed:

> Underlying Donald's argument is the notion that Allstate had a duty to advise him of the proper statute of limitations. However, litigants must inform themselves of applicable legal requirements and procedures, and they cannot rely solely on their perception of how to commence an action. "Ignorance of one's rights does not suspend the operation of a statute of limitations."

*Id.* at 584 (citations omitted). In addition, the court observed:

> [T]here is nothing in the record that would indicate that-such discussions were anything but good faith negotiations toward an amicable settlement. There is nothing fraudulent or inequitable about engaging in settlement discussions to avoid litigation. In fact, we should encourage, not discourage, parties to negotiate a settlement instead of litigating their disputes.

■■■■■■■

*Id.* at 585 (citations omitted).

¶ 26.　Here, in accord with *Johnson*, we limit our consideration of Meridian's conduct to that which occurred during the period of limitations. And, as in *Johnson*, we see nothing in Meridian's conduct indicating a lack of good faith, fraud, or inequitable behavior. We agree with the trial court's determination that "[Meridian] did not engage in any behavior that was unfair or misleading, and it did not engage in any misrepresentations. It did not engage in any behavior contrary to public policy."[7] From the very outset, Meridian was, in the trial court's words, "up front" with its denial of Wieting's roof damage claim. And while offering to reconsider if adequate proof to the contrary was proffered, Meridian never wavered from its stance denying the claim. Each and every letter from Pritchett to Wieting or its representatives reconfirmed that Meridian was standing by its denial letter of May 14, 2001. In addition, each and every letter expressly reserved Meridian's rights and defenses under the policy. Given this repeated warning, we are hard pressed to say that Meridian engaged in fraudulent, inequitable, unfair or misleading conduct sufficient to outweigh the public interest served by the law of statute of limitations.

¶ 27.　For the same reasons, we reject Wieting's claim that it reasonably relied to its detriment on Meridian's conduct. *See Nugent v. Slaght*, 2001 WI App 282, ¶ 29, 249 Wis. 2d 220, 638 N.W.2d 594. Although it

---

[7] One of Wieting's arguments is that, "Once the insurance company was adequately protected from a stale or fraudulent claim, it would be against public policy to allow that company to use the statute of limitations as a sword, rather than as a shield."

was not Meridian's job to give Wieting legal advice, Meridian's staunch and persistent denial of Wieting's claim, coupled with Meridian's repeated invocation of its rights and defenses under the policy, served to put Wieting on fair notice that the limitations clock was ticking.

¶ 28. We uphold the trial court's ruling that Meridian was not estopped from asserting its statute of limitations defense.

*Appraisal Agreement Under WIS. STAT. § 631.83(5)*

¶ 29. Based on this same history of negotiations, Wieting contends that the statute of limitations was tolled pursuant to WIS. STAT. § 631.83(5). This statute sets out three circumstances which produce a tolling of the statute of limitations: (1) the parties entered into an arbitration procedure prescribed by the insurance policy, (2) the parties entered into an appraisal procedure prescribed by the insurance policy, or (3) the parties otherwise agreed to an appraisal procedure.[8] *Id.*

¶ 30. The first two procedures were not used by the parties in this case. They did not invoke any arbitration provision in the Meridian policy, assuming the policy so provided.[9] Nor did they invoke the appraisal procedure set out in the policy. That process required one of the parties to make a written demand for an appraisal of the loss, each party to then select a

---

[8] WISCONSIN STAT. § 631.83(5) states:

TOLLING OF PERIOD OF LIMITATION. The period of limitation is tolled during the period in which the parties conducted an appraisal or arbitration procedure prescribed by the insurance policy or by law or agreed to by the parties.

[9] The parties do not point us to any arbitration provision in the Meridian policy.

"competent and impartial appraiser," and the appraisers, in turn, to select an "umpire." In the event the parties' appraisers disagreed on the amount of the loss, the dispute would be submitted to the umpire and "[a] decision agreed to by any of the two will be binding." Finally, each party would be responsible for its own costs and fees.

¶ 31. Instead, Wieting contends that the parties utilized the third procedure under the statute—"an appraisal . . . procedure . . . agreed to by the parties." *See* Wis. Stat. § 631.83(5). We disagree that the ongoing discussions between the parties served to achieve an "agreement" as envisioned by § 631.83(5). Admittedly, the parties started down this road when Pritchett indicated in his May 16, 2001 letter, in response to Wieting's telephone call, that Wieting would be hiring an expert to inspect the roof and, if the expert disputed the determination made by Meridian's expert, the parties would meet to further discuss the issue. But that is as far as the parties' so-called "agreement" went. Pritchett's next letter of December 19, 2001, to Wieting's then attorney complained that Wieting had not contacted Meridian's expert. Pritchett's next letter of April 2, 2002, the final letter within the limitations period, to Wieting's new attorney merely confirmed an arrangement similar to that set out in Pritchett's May 16 letter—the parties' experts would meet and "discuss the differences in their findings."

¶ 32. Wisconsin Stat. § 631.83(5) envisions an "agreement" between the parties to engage in an appraisal procedure. We first observe that the arrangement struck by the parties never used the term "appraisal," and the experts were not denominated as "appraisers." Therefore, we harbor some doubt as to

whether the parties triggered the statute. But even assuming that the parties envisioned their experts as appraisers, we conclude that their efforts never ripened into an agreement as envisioned by the statute. The statute does not state the degree of formality which must accompany an appraisal agreement. However, the other alternatives documented in the statute—an appraisal or arbitration procedure prescribed by the policy —connote a degree of formality and structure. As we have documented, the appraisal procedure set out in the insurance policy contemplates a formal demand for an appraisal, a prescribed methodology for selecting an umpire and resolving any disputes between the parties' experts, and a provision for the payment of fees and costs. Similarly, arbitration, while not a highly regulated procedure, is nonetheless governed by some degree of formality with certain rules and structure. *See generally* WIS. STAT. ch. 788.

¶ 33. From this, we conclude that an "agreement" by the parties to engage in an appraisal procedure under WIS. STAT. § 631.83(5) requires something more than a mere agreement to meet and discuss a dispute between the parties. If that were the law then most negotiations between an insured and an insurer over a disputed claim would serve to toll the statute of limitations. Given the public interest in setting a limitation on bringing lawsuits, *Johnson*, 179 Wis. 2d at 582, we decline to elevate such loose, uncertain and tentative "agreements to possibly agree" to the level of the formal agreement contemplated by § 631.83(5).

¶ 34. We conclude that the parties did not reach an agreement invoking the appraisal procedures contemplated by WIS. STAT. § 631.83(5) so as to toll the applicable statute of limitations.

293

## CONCLUSION

¶ 35. We hold that WIS. STAT. § 631.83(1) and (2) clearly and unambiguously except actions on fire insurance policies from the tolling provisions set out in WIS. STAT. ch. 893. We further hold that Meridian was not estopped from asserting its statute of limitations defense. Finally, we hold that the parties did not agree to invoke the appraisal procedures under § 631.83(5).

*By the Court.*—Judgment affirmed.