COURT OF APPEALS
DECISION
DATED AND FILED

February 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP1782**

**STATE OF WISCONSIN**

Cir. Ct. No.  2020CV11

**IN COURT OF APPEALS
DISTRICT III**

---

JOSEPH BRELLENTHIN AND KELLY BRELLENTHIN,

   PLAINTIFFS-APPELLANTS,

 V.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. In this insurance coverage dispute, Joseph and Kelly Brellenthin appeal the dismissal of their complaint on summary judgment

for failure to file their lawsuit within the applicable statute of limitations. We conclude that the Brellenthins' action was untimely and that the doctrine of equitable estoppel does not apply so as to bar the insurer, American Family Mutual Insurance Company (American Family), from raising a statute of limitations defense. Accordingly, we affirm.

## BACKGROUND

¶2     The following material facts are undisputed. The Brellenthins' house is insured under a homeowner's policy issued by American Family. The policy contains an appraisal clause, stating, "This [provision] applies after we confirm that the damage due to a loss is covered. If you and we fail to agree on the dollar amount of the damage, either [party] may demand that such amount be set by appraisal." The policy also contains a "Suit Against Us" provision, stating, "No action can be brought unless it is started within one year after the date of loss."

¶3     On July 9, 2018, a leaking refrigerator caused interior damage to the Brellenthins' house. The Brellenthins filed a claim with American Family shortly thereafter. American Family concluded that the Brellenthins sustained a covered loss, and it provided an estimate of the cost to repair the damage based on its initial investigation. The Brellenthins were unsatisfied with this estimate and hired a public adjusting firm, DTL Global, LLC (DTL), to investigate the damage.

¶4     By letter dated September 19, 2018, DTL informed American Family of DTL's retention in the matter. DTL also requested copies of the policy, which American Family provided. At some point during the fall of 2018, DTL investigated the damage and arrived at a repair estimate that was higher than American Family's estimate. DTL's repair estimate was higher than American

2

Family's because it included the costs to repair water damage in additional rooms, to match undamaged items with items that were replaced, and to paint a floor that was scratched during mitigation work.

¶5 American Family retained an engineer to inspect the damage. By letter dated December 10, 2018, American Family notified the Brellenthins of its engineer's findings. The letter states that the damage to additional rooms was caused by longer-term water exposure and that such damage was not covered under the policy. The letter further states that the policy does not cover the cost to repair or replace undamaged items. Thus, American Family denied reimbursement for those losses. However, American Family did agree to pay for the additional cost of painting the scratched floor. The letter concludes that "no further monies are owed" for any damages associated with the occurrence.

¶6 On January 28, 2019, DTL emailed American Family and attached a letter from the Brellenthins demanding an appraisal (the appraisal demand letter).[1] By letter dated February 8, 2019, American Family denied the request for appraisal, stating that "this is a coverage issue vs a damage issue" and that "coverage issue[s] … [are] exempt in appraisal." The February 8 letter further states, "American Family … specifically reserves its ability to assert any and all rights or defenses available to it under the policy. Nothing in this letter should be construed as a waiver of any such rights or defenses."

---

[1] In their appellate briefing, the Brellenthins state that DTL sent the appraisal demand letter on January 9, 2019. The appraisal demand letter is dated January 9, but the record reflects that DTL did not email the letter to American Family until January 28, 2019. Because the date DTL sent this letter is not material to our analysis, we treat the letter as sent on January 28.

3

¶7      Shortly thereafter, DTL informed American Family that the February 8, 2019 letter mistakenly referred to damage caused by a dishwasher, and not a refrigerator. By letter dated March 17, 2019, American Family thanked DTL "for pointing out the causation error" but stated that it "will remain firm with the findings that were previously outlined to you." The March 17 letter reiterates the position expressed in the February 8 letter, that "the disputes you are raising pertain to Coverage" and that American Family "will NOT AGREE to appraisal for this reason." The March 17 letter also reiterates that American Family reserves and does not waive available defenses under the policy.

¶8      By letter dated May 20, 2019, DTL wrote to American Family to "confirm our understanding that … [y]ou will not be enforcing the 'Suit Against Us' or any lawsuit limitation provision in the policy until a year after you have completed the claim adjustment process and closed this claim." The May 20 letter continues, "Unless we hear otherwise, we will rely on our understanding of the above … point[]." American Family did not specifically respond to this letter.

¶9      DTL and American Family exchanged emails in June and July of 2019, concerning their respective engineers' reviews of the damage and of each other's reports. In a July 4, 2019 email on this topic, American Family states, "Our position remains the same as it has been on settlement. Please note that on 7/9/2019, the one year date of loss anniversary expires."

¶10     On January 16, 2020, the Brellenthins filed their complaint, seeking a declaratory judgment that they were entitled to an appraisal, damages for American Family's breach of the appraisal provision, and statutory interest. American Family moved for summary judgment, arguing that the suit was commenced outside of the one-year statute of limitations established by Wisconsin

4

law and the Brellenthins' policy. *See* WIS. STAT. § 631.83(1)(a) (2019-20)[2] ("An action on a fire insurance policy must be commenced within 12 months after the inception of the loss."); *Villa Clement, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 120 Wis. 2d 140, 146-49, 353 N.W.2d 369 (Ct. App. 1984) (the term "fire insurance policy" in § 631.83(1)(a) encompasses all types of property indemnity insurance).

¶11    In their summary judgment response, the Brellenthins argued that their demand for an appraisal tolled the statute of limitations. *See* WIS. STAT. § 631.83(5) ("The period of limitation is tolled during the period in which the parties conducted an appraisal … prescribed by the insurance policy."). Alternatively, the Brellenthins argued that American Family was equitably estopped from asserting a statute of limitations defense because: (1) American Family did not respond to DTL's May 20, 2019 letter setting forth DTL's "understanding" that the statute of limitations was tolled; and (2) American Family "reminded" DTL of the approaching deadline on July 4, 2019, "a mere five days before the one-year … anniversary," thus leaving the Brellenthins with insufficient time to file suit. *See* *Wieting Funeral Home of Chilton, Inc. v. Meridian Mut. Ins. Co.*, 2004 WI App 218, ¶23, 277 Wis. 2d 274, 690 N.W.2d 442 (a defendant may be equitably estopped from asserting a statute of limitations defense where it engaged in fraudulent or inequitable conduct that caused the plaintiff, in reliance thereon, to fail to commence an action within the statutory period).

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶12    The circuit court granted summary judgment in favor of American Family and dismissed the Brellenthins' complaint.  The court determined that, under WIS. STAT. § 631.85(5), the statute of limitations is tolled only where an appraisal is actually "conducted," not where one party demands appraisal and the other party refuses.  The court further determined that, as a matter of law, the doctrine of equitable estoppel did not apply because, "based on the facts as alleged, there is no reasonable conclusion that the conduct or representations of [American Family] misled Plaintiffs into believing that the time limits were tolled or extended."  The court ordered that the Brellenthins' complaint be dismissed with prejudice, and the Brellenthins appeal.  We set forth additional facts below, where relevant to our analysis.

## DISCUSSION

¶13    We review a grant of summary judgment de novo, affirming where the pleadings and evidentiary submissions show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2); *Wieting*, 277 Wis. 2d 274, ¶7.  The interpretation of a statute and an insurance policy likewise presents questions of law that we review de novo. *Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶9, 293 Wis. 2d 123, 717 N.W.2d 258.  Finally, given an undisputed set of facts, we review de novo whether the doctrine of equitable estoppel applies.  *Nugent v. Slaght*, 2001 WI App 282, ¶29, 249 Wis. 2d 220, 638 N.W.2d 594.

*The Brellenthins' Appraisal Demand Letter Did Not
Toll the Statute of Limitations*

¶14    The parties agree that—absent any tolling—Wisconsin law and the policy language required the Brellenthins to commence any action relating to the

appraisal procedure "within 12 months after the inception of the loss." *See* WIS. STAT. § 631.83(1)(a). For purposes of this appeal, the parties also agree that the loss occurred on July 9, 2018, and that, absent tolling, the period of limitation would have expired on July 9, 2019, approximately six months before the Brellenthins filed their complaint. The parties dispute, however, whether the Brellenthins' January 28, 2019 appraisal demand letter tolled the statute of limitations.

¶15    As stated, WIS. STAT. § 631.83(5) provides, "The period of limitation is tolled during the period in which the parties conducted an appraisal … prescribed by the insurance policy or by law or agreed to by the parties." The Brellenthins argue, without reference to legal authority, that the phrase "conducted an appraisal" encompasses the preliminary step of their demanding appraisal, such that their sending the appraisal demand letter tolled the statute of limitations. Thus, the Brellenthins argue, they were "conduct[ing] an appraisal … prescribed by the insurance policy" as of January 28, 2019.[3]

---

[3] Citing WIS. STAT. § 631.83(5), the Brellenthins appear to argue that the appraisal is "prescribed by" both their insurance policy and Wisconsin law, in that they argue that an "appraisal is a statutory right." *See* § 631.83(5) ("The period of limitation is tolled during the period in which the parties conducted an appraisal … prescribed by the insurance policy or by law or agreed to by the parties."). However, § 631.83(5) does not support the Brellenthins' assertion, and in fact, WIS. STAT. § 631.85 cuts against it. *See* § 631.85 ("An insurance policy *may* contain provisions for independent appraisal …." (Emphasis added.)). In any event, it is undisputed that the Brellenthins' policy provides a contractual right to an appraisal.

The Brellenthins further argue that the appraisal clause "triggers a statutory obligation to write an appraisal clause that conforms to statutory requirements." *See* WIS. ADMIN. CODE INS § 6.76(3)(*l*) (authorizing use of a sample appraisal clause in insurance policies) (Oct. 2020); WIS. STAT. § 631.20(1)(a), (1)(c)7. (appraisal clauses not specifically authorized by rule must be approved by the insurance commissioner). The Brellenthins do not explain how the appraisal clause in their policy with American Family does not conform to "statutory requirements" or why its purported nonconformity bears on our statute of limitations analysis. Accordingly, we do not

(continued)

¶16 We disagree with the Brellenthins' interpretation of both their policy and WIS. STAT. § 631.83(5). Under the policy, the appraisal clause "applies *after* [American Family] confirm[s] that the damage due to a loss is covered." (Emphasis added.) At that point, if the insured and American Family "fail to agree on the dollar amount of the damage, either may demand that such amount be set by appraisal." "In th[e] event" of an appraisal demand, the policy sets forth the steps that must follow, including how each party is to select an appraiser, how each appraiser is to set the dollar amount of the damages, and how differing appraisals are to be reconciled. Thus, a prerequisite to beginning the appraisal process is for American Family to determine "that the damage due to a loss is covered"—a determination that did not occur here.

¶17 Nor does the plain meaning of WIS. STAT. § 631.83(5) support the Brellenthins' position. *See **Teschendorf***, 293 Wis. 2d 123, ¶12 (statutory interpretation begins, and often ends, with the plain language of the statute). Contrary to the Brellenthins' assertion, § 631.83(5) does not "state[] that where there is an appraisal prescribed by a policy, and the appraisal procedure is invoked, the statute of limitations is tolled." Rather, § 631.83(5), states, "The period of limitation is tolled during the period in which *the parties conducted* an appraisal." (Emphasis added.) The term "the parties" connotes both parties' involvement in the appraisal process. The verb "conduct" means "to have the direction of": to "run, manage, direct." *Conduct*, WEBSTER'S THIRD NEW INT'L DICTIONARY (1993). Accordingly, where both parties are actively managing, running, or fulfilling the required steps of the appraisal process, the parties can be

---

address this issue. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

said to be "conduct[ing] an appraisal." Where, as here, one party seeks appraisal but the other party steadfastly and repeatedly maintains that the appraisal process does not apply and refuses to have one performed, it cannot be said that "the parties [are] conduct[ing] an appraisal" under § 631.83(5).[4]

¶18 The Brellenthins raise additional arguments as to why American Family breached the policy. But whether American Family improperly denied coverage is irrelevant to determining the Brellenthins' compliance with the statute of limitations. The Brellenthins relatedly argue, without citation to legal authority, that "[n]o insurer may unilaterally" decide that damage is not covered and, by doing so, "avoid both appraisal and tolling of the statute of limitations." But the policy allows exactly that: the appraisal clause "applies after we [i.e., American Family] confirm that the damage due to a loss is covered." The Brellenthins, of course, had legal recourse if they believed their demand for appraisal was denied in error. But the Brellenthins do not explain why American Family's "unilateral" actions in this regard—of which the Brellenthins were informed—affect our statute of limitations analysis.

---

[4] We need not decide when the appraisal process commences in all cases or as a matter of law, and there may be other circumstances in which some initial communications between insurer and insured are sufficient to invoke WIS. STAT. § 631.83(5). Here, we merely conclude that, per the plain language of § 631.83(5), the Brellenthins' sending the January 28, 2019 appraisal demand letter did not in and of itself mean that the parties were conducting an appraisal.

We further note that we would reject the Brellenthins' argument even if we assumed that the January 28 appraisal demand letter tolled the limitation period. American Family's February 8, 2019 reply to that letter explicitly denies the Brellenthins' request for appraisal. Thus, as of February 8, at the latest, the parties were no longer conducting an appraisal. Accordingly, even accepting the Brellenthins' position, the period of limitation would have been tolled for only eleven days, and their suit would still be untimely.

¶19   We conclude that, based on the undisputed facts, and as a matter of law, the Brellenthins' January 28, 2019 appraisal demand letter did not toll the statute of limitations.

*As a Matter of Law, American Family is Not Equitably Estopped*
*From Asserting a Statute of Limitations Defense*

¶20   The Brellenthins argue that the circuit court erred in failing to find that American Family was equitably estopped from raising its statute of limitations defense. "The test of whether a party should be estopped from asserting the statute of limitations is whether the conduct and representations of the party against whom estoppel is sought were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *Wieting*, 277 Wis. 2d 274, ¶23. Thus, the equitable estoppel doctrine applies where the plaintiff shows, by clear and convincing evidence, that the plaintiff failed to file suit within the statutory period because he or she relied on the defendant's wrongful conduct or misrepresentations. *See id.*; *see also State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971) (setting forth considerations for applying the doctrine of equitable estoppel to a statute of limitations defense, which center on whether the defendant's fraud, misrepresentations, or inequitable conduct during the period of limitation induced the plaintiff to delay filing suit). The Brellenthins raise two arguments as to why the circuit court should have applied this doctrine.

¶21   First, the Brellenthins point out that American Family did not specifically respond to DTL's May 20, 2019 letter, in which DTL stated its "understanding" that American Family would "not be enforcing the 'Suit Against Us' or any lawsuit limitation provision in the policy until a year after [American Family had] completed the claim adjustment process and closed this claim."

According to the Brellenthins, American Family was required to explicitly disabuse DTL of its assumption, expressed in that letter, that the statute of limitations would be tolled.

¶22 We reject this argument. The Brellenthins' policy states that "[a] provision of this policy is waived or changed only if [American Family] put[s] it in writing." American Family represents that it never agreed to waive or change the "Suits Against Us" provision, and the Brellenthins do not point to any communication in which American Family did so or indicated its intent to do so. To the contrary, after receiving the January 28, 2019 appraisal demand letter, American Family sent letters to DTL on February 8, 2019, and March 17, 2019, respectively, each unequivocally stating that American Family deemed the dispute to be one of coverage, that the appraisal process therefore did not apply, and that American Family reserved its right to raise available defenses under the policy.

¶23 Thus, we discern no fraud, misrepresentation, or other inequitable conduct on American Family's part. *See **Susedik***, 52 Wis. 2d at 596-97. American Family never intimated that it would modify the "Suits Against Us" provision, nor did it have any statutory or contractual duty to refute the Brellenthins' "understanding" on that point.[5] Moreover, because the policy plainly states that contractual changes must be communicated *by American Family* in writing, it would have been unreasonable for DTL to assume that American Family's lack of response to the May 20, 2019 letter meant that American Family

---

[5] The Brellenthins argue that Wisconsin law required American Family to "refut[e] the May 20 letter within 10 days." They cite to WIS. ADMIN. CODE INS § 6.08 (Oct. 2020), in support, but that rule does not contain any statement to this effect. We therefore do not address this argument. *See **Pettit***, 171 Wis. 2d at 646 ("Arguments unsupported by references to legal authority will not be considered.").

agreed that the statute of limitations would be tolled. *See Johnson v. Johnson*, 179 Wis. 2d 574, 585, 508 N.W.2d 19 (Ct. App. 1993) ("In order to invoke estoppel, a party's reliance on another's conduct must be reasonable."). Accordingly, under the undisputed facts, equitable estoppel does not apply to bar American Family's statute of limitations defense.

¶24    Second, the Brellenthins argue that American Family never properly notified them or DTL of the upcoming statute of limitations, instead belatedly "allud[ing]" to the deadline in a July 4, 2019 email, "a mere five days before the one-year period alleged expired." The Brellenthins explain that this eleventh-hour "reminder" left DTL "with only three business days to notify [its] client, recommend they seek legal counsel, find legal counsel, interpret the e-mail and reconcile it with the May 20 letter, and file a lawsuit." The Brellenthins assert that this "conduct is not equitable."

¶25    We disagree. The Brellenthins cite no supporting facts indicating that American Family misrepresented the claims or appraisal process in some manner that reasonably might have caused the Brellenthins to delay filing suit. Rather, in a series of correspondences with DTL, American Family declined to begin the appraisal process and declined to revise its damages estimate so as to include the cost of repairs that it did not believe were covered under the policy. Thus, American Family's position throughout the claims process has always been that it would not invoke the appraisal clause or pay for repairs that it determined were not covered by the policy. The Brellenthins may dispute American Family's position on this point, but they cannot reasonably argue that they were misled about the timeline for commencing this action.

¶26     Moreover, American Family had no legal obligation to remind DTL or the Brellenthins of the statute of limitations or that it was soon approaching. *See id.* at 584 ("Underlying [the insured's] argument is the notion that [the insurer] had a duty to advise him of the proper statute of limitations. However, litigants must inform themselves of applicable legal requirements and procedures, and they cannot rely solely on their perception of how to commence an action."). The limitation period was clearly stated in the American Family policy. Thus, American Family cannot be construed to have engaged in fraud or misconduct by sending an email reminder on this point.

¶27     We conclude that, as a matter of law, the doctrine of equitable estoppel does not prohibit American Family from raising a statute of limitations defense.[6] Accordingly, we affirm the circuit court order granting summary judgment in favor of American Family.[7]

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] The Brellenthins alternatively argue that "there is a fact dispute requiring a trial with testimony by the Brellenthins, and their public adjuster, as to what they should have done[] or could have done" in the five days after receiving the email and before the statute of limitations expired. However, American Family had no obligation at any point to inform the Brellenthins of the upcoming expiration of the statute of limitations. Thus, any dispute of fact on this topic is not material and could not operate to preclude summary judgment. *See Williams v. District Council of Madison, Inc.*, 2021 WI App 62, ¶10, 399 Wis. 2d 174, 963 N.W.2d 909 ("[A] dispute is material if it could affect the outcome of the [proceeding] under the applicable legal standards.").

[7] Because we affirm the summary judgment order dismissing this suit, we do not address additional arguments in the parties' briefing regarding discovery.