COURT OF APPEALS
DECISION
DATED AND FILED

December 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.   2023AP2046
2023AP2388**

Cir. Ct. No.  2023CV30

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

CHEEL, LLC,

PLAINTIFF-APPELLANT,

V.

SOCIETY INSURANCE, A MUTUAL COMPANY,

DEFENDANT-RESPONDENT,

STEVEN C. SCHWED, STEVEN C. SCHWED & ASSOCIATES, INC. AND MORGAN RYAN, INC.,

DEFENDANTS.

---

APPEAL from a judgment and an order of the circuit court for Ozaukee County:  SANDY A. WILLIAMS, Judge.  *Affirmed.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Cheel, LLC appeals from orders granting summary judgment to its insurer, Society Insurance, a Mutual Company ("Society"), and denying reconsideration of the summary judgment order.   The circuit court determined Cheel's breach of contract claim against Society was time barred and rejected Cheel's argument that equitable estoppel prevented Society from asserting a statute of limitations defense.   The court also determined Cheel had failed to make the preliminary showing of bad faith required to survive summary judgment. We affirm.

¶2     The parties do not dispute the following material facts.   Society issued a business owners' insurance policy to Cheel, covering Cheel's restaurant. The restaurant and the building that housed it were damaged by a fire on November 8, 2020.   Cheel subsequently made a claim with Society.   Pursuant to the policy, Society paid Cheel a total of $1,772,933.74.   Over $628,000 of the payment was to cover the financial loss from twelve months of projected business interruptions of Cheel's restaurant, as provided in the policy, referred to herein as "business income loss."

¶3     Cheel's policy from Society provided that no legal action may be brought more than two years after the date of the loss—in this case, the fire.   On October 26, 2022, before the suit limitation period ran, Society wrote a letter asking Cheel and its representative to make a more reasonable settlement demand regarding business income loss.   The letter indicated that Society did not agree with Cheel's valuation.   It did not explicitly mention the soon-expiring statute of limitations, but did clearly state:   "Society Insurance is not waiving any other

rights or defenses in connection with this matter." After the suit limitation period expired, Society sent Cheel two more letters, each allowing Cheel thirty days to provide additional information regarding the business income loss dispute. Both letters mentioned that the limitation period had passed.

¶4     In February 2021, Society made the final business income loss payment due to Cheel under the policy. Cheel asserted that it was entitled to over $878,000 for business income loss and demanded additional payment. Despite Society's position that it had paid Cheel the full amount due under the policy, over $628,000, the parties continued their negotiations on business income loss until Cheel filed this legal action against Society on January 27, 2023.

¶5     As relevant to this discussion, following briefing and oral argument by the parties, the circuit court granted Society's motion for summary judgment as to Cheel's claims against Society. Cheel filed a motion for reconsideration. The circuit court held a hearing at which it noted that reconsideration was not warranted because Cheel had not shown "a manifest error of law or fact." However, the court used the hearing as an opportunity to clarify its previous summary judgment order. The court made clear that it had granted Society's motion as to breach of contract "because there was nothing that [Cheel] showed that there was fraud or unfair, misleading or inequitable conduct by [Society] … prior to the expiration of the statute of limitation." As to the bad faith claim, the court explained that "there was nothing to show that there was anything unreasonable or that there wasn't a reasonable basis for payment of that business loss benefit" as necessary for Cheel to survive summary judgment. Cheel appeals.

¶6      We include additional undisputed facts as necessary below.

¶7      We review a grant of summary judgment de novo, affirming where the pleadings and evidentiary submissions show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2) (2021-22);[1] *Wieting Funeral Home of Chilton, Inc. v. Meridian Mut. Ins. Co.*, 2004 WI App 218, ¶7, 277 Wis. 2d 274, 690 N.W.2d 442.  The interpretation of an insurance policy presents a question of law that we review de novo.  *Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶9, 293 Wis. 2d 123, 717 N.W.2d 258.  Finally, given an undisputed set of facts, we review de novo whether the doctrine of equitable estoppel applies.  *Nugent v. Slaght*, 2001 WI App 282, ¶29, 249 Wis. 2d 220, 638 N.W.2d 594.

¶8      Cheel first argues that the circuit court erred in concluding Cheel's breach of contract claim against Society was time barred.  Pursuant to WIS. STAT. § 631.83(1)(a), "[a]n action on a fire insurance policy must be commenced within 12 months after the inception of the loss."  However, an insurance policy may extend the time for filing suit beyond the one-year period set forth in the statute.  *See*, *e.g.*, *Wieting*, 277 Wis. 2d 274, ¶9.  Here, the following provision in Cheel's policy extended the time for filing suit to two years:

> No one may bring a legal action against us under this insurance unless:
>
> a.  There has been full compliance with all of the terms of this insurance; and
>
> b.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶9      The fire occurred on November 8, 2020, but Cheel did not file its complaint until January 27, 2023—over two years later.   Society therefore contends the circuit court correctly concluded Cheel's breach of contract claim was time barred.  Cheel argues that the doctrine of equitable estoppel applies so as to bar Society from raising a statute of limitations defense.

¶10    "The test of whether a party should be estopped from asserting the statute of limitations is whether the conduct and representations of the party against whom estoppel is sought were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions."  *Id.*, ¶23.  Thus, the equitable estoppel doctrine applies where the plaintiff shows, by clear and convincing evidence, that the plaintiff failed to file suit within the limitation period because he or she relied on the defendant's wrongful conduct or misrepresentations.  *See id.*; *see also* **State ex rel. Susedik v. Knutson**, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971) (setting forth considerations for applying the doctrine of equitable estoppel to a statute of limitations defense, focusing on whether the defendant's fraud, misrepresentations, or inequitable conduct before the limitation period expired induced the plaintiff to delay filing suit).  Cheel makes two arguments as to why the circuit court should have applied equitable estoppel to prohibit Society from asserting a statute of limitations defense.

¶11    First, Cheel asserts that "Society's conduct on the claim reasonably induced Cheel's representatives to believe a lawsuit was not necessary and to delay filing suit."  Second, Cheel argues that the fact that Society continued to negotiate with Cheel regarding the business income loss after November 8, 2022, was "inconsistent with asserting the statute of limitations [defense]."  Cheel maintains that in keeping negotiations open in the time leading up and after the suit limitation period running, Society induced Cheel into believing that legal

action would not be necessary. Cheel points to Society's October 26, 2022, letter and two subsequent letters, filed after the limitation period, as indicating Society's willingness to listen to settlement offers in exchange for a policy release. Finally, Cheel cites to the fact that "[t]he [October 26, 2022,] letter mentioned nothing about the soon-expiring statute of limitations" as support of its equitable estoppel argument. As a result of such "misleading" conduct, Cheel argues, "Society should have been equitably estopped" from raising the statute of limitations defense. We disagree.

¶12     Cheel cites no facts indicating that Society misrepresented its position or the process in some manner that reasonably might have caused Cheel to delay filing suit. Rather, in several communications with Cheel and/or its representatives, Society declined to revise its final business income loss estimate, but indicated an openness to negotiate if presented with compelling information. However, when faced with legal action from Cheel, Society decided to assert the statute of limitations defense. Thus, Society's position throughout the claims process was that it was firm in its loss estimate, but may consider reasonable offers in an attempt to settle short of a lawsuit. Cheel may dispute Society's position on this point, but it cannot reasonably argue that Society misled Cheel about the deadline for commencing this action.

¶13     Moreover, contrary to Cheel's argument, Society had no legal obligation to remind Cheel or its representatives of the suit limitation period or that the end of the period was soon approaching. *See Johnson v. Johnson*, 179 Wis. 2d 574, 584, 508 N.W.2d 19 (Ct. App. 1993) (rejecting argument that insurer has duty to apprise insured of law: "Underlying [the insured's] argument is the notion that [the insurer] had a duty to advise him of the proper statute of limitations. However, litigants must inform themselves of applicable legal

6

requirements and procedures, and they cannot rely solely on their perception of how to commence an action."). Cheel's insurance policy clearly stated the suit limitation period, which was one year more generous than the statutory period. *See* WIS. STAT. § 631.83(1)(a). It was ultimately Cheel's responsibility to ensure that it brought any legal action within the allotted window.

¶14    Based on the record before us, we cannot conclude that Society engaged in wrongful conduct, made misrepresentations regarding the suit limitation period, or inequitably induced Cheel to overlook the limitation period. Thus, the circuit court did not err in rejecting Cheel's argument that Society was equitably estopped from asserting the statute of limitations defense and, therefore, in granting summary judgment on the breach of contract claim as time barred.

¶15    Cheel also argues that the circuit court erred in granting summary judgment on its bad faith claim. According to Cheel, the fact that Society presented a higher preliminary estimate of Cheel's business income loss than Society's final estimate of the loss "implicates fact questions on the reasonableness of Society's position on the claim and what it paid, and whether there was a reasonable basis for the claims payment that it made." Thus, Cheel continues, its bad faith claim should survive summary judgment. We disagree.

¶16    To survive a summary judgment motion on a bad faith claim, "the insured must plead facts" "that the insurer's denial of coverage was unreasonable, or ... that coverage was not fairly debatable." *Ullerich v. Sentry Ins.*, 2012 WI App 127, ¶¶2, 22, 344 Wis. 2d 708, 824 N.W.2d 876 (citing *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶¶76, 81, 334 Wis. 2d 23, 798 N.W.2d 467). Cheel has failed to make the preliminary showing required by *Brethorst* and *Ullerich*. Cheel did not allege that Society denied its claim, only that the parties

disagreed as to whether the policy entitles Cheel to any additional amount. And, as Society observes, "Cheel submitted no evidence, affidavit or deposition testimony" showing that Society unreasonably denied coverage. Nor did Cheel assert that coverage "was not fairly debatable." *See Brethorst*, 334 Wis. 2d 23, ¶76. Cheel did not point to any evidence or develop any argument that Society failed to properly evaluate that claim. Simply put, Cheel has failed to make even the preliminary showing necessary to sustain its bad faith claim against Society. We therefore conclude that the circuit court did not err in granting summary judgment as to bad faith.[2]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] We further note that Cheel fails to cite any legal authority in support of its bad faith arguments on appeal, nor does it respond to Society's argument on appeal that Cheel failed to establish any material disputed facts sufficient to defeat summary judgment. We could affirm the circuit court's grant of summary judgment on these bases as well. *See State v. Culver*, 2018 WI App 55, ¶¶25 n.14 & 27 n.15, 384 Wis. 2d 222, 918 N.W. 2d 103 (explaining we do not address undeveloped arguments); *Mervosh v. LIRC*, 2010 WI App 36, ¶10, 324 Wis. 2d 134, 781 N.W.2d 236 (explaining arguments not refuted are deemed admitted).